FILED - LN
September 14, 2018 10:39 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: clw /_____ SCANNED BY: _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| A.G. DOE and A.W. DOE<br><br>Plaintiffs,<br><br>v.<br><br>MICHIGAN STATE UNIVERSITY; THE MICHIGAN STATE UNIVERSITY BOARD OF TRUSTEES; LAWRENCE GERARD NASSAR (individual capacity only); WILLIAM D. STRAMPEL, D.O. (individual capacity only); JEFFREY R. KOVAN D.O. (individual capacity only); DOUGLAS DIETZEL, D.O. (individual capacity only); KATHIE KLAGES (individual Capacity only); GARY E. STOLLAK (individual capacity only); BROOKE LEMMEN, D.O. (individual capacity only); DESTINY TEACHNOR-HAUK (individual capacity only); LIANNA HADDEN (individual capacity only); USA GYMNASTICS, INC.; STEVE PENNY; TWISTARS USA, INC. d/b/a GEDDERTS' TWISTARS; USA GYMNASTICS CLUB; DEBRA VAN HORN; JOHN GEDDERT; and UNITED STATES OLYMPIC COMMITTEE, jointly and severally<br><br>Defendants. | Case No. 1:18-cv-1016<br><br>Hon.<br>United States District Judge |

## MOTION FOR PROTECTIVE ORDER AND TO FILE UNDER SEAL AFFIDAVIT OF COUNSEL IDENTIFYING PLAINTIFFS

NOW COMES Plaintiffs A.G. Doe and A.W. Doe, by and through their attorneys, SEIKALY, STEWART, & BENNETT, P.C., for their Motion for Protective Order and to File Under Seal Affidavit of Counsel Identifying Plaintiff Does and state the following:

1. Plaintiffs' counsel has filed this lawsuit against the above-named defendants using the pseudonyms A.G. Doe and A.W. Doe to protect their clients' identities given the sensitive nature of the lawsuit and the fact that they were minors at the time of the incidents alleged in the complaint.

2. Plaintiffs' counsel, Jeffrey T. Stewart, identifies A.G. and A.W. in his affidavit.

3. Plaintiffs respectfully request the Court issue an order that the affidavit concerning their identity may be filed under seal.

4. Plaintiffs bring this motion pursuant to W.D. Mich. L.R. 10.6, which governs the sealing of court records, and relies on the authority of numerous U.S. Supreme Court cases, as articulated in *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 473-74 (6th Cir. 1983) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980), which confirm that courts have discretionary power to seal records.

5. It is necessary for the Court to seal the affidavit because the matters involved, all of which occurred and address minors at the time of the incidents, have been traumatic to Plaintiffs and may subject them to further emotional harm. Disclosure of Plaintiffs' identities would, in part, prevent this exacerbated harm, and little to no public interest would be served by having the Plaintiffs' names identified.

6. No means, other than sealing the affidavit are available or satisfactory to preserve Plaintiffs' interests, and any other means would necessarily disclose their identity to the public.

7. The affidavit and motion will be served on the defendants together with this motion, the supporting brief, and Plaintiffs' proposed order.

This motion is accompanied by a proposed order, and is supported by an accompanying brief.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter an Order:

    a. granting their motion for a protective order and allowing for the affidavit of Jeffrey T. Stewart concerning the identity of Plaintiffs to be filed under seal; and

    b. requiring that all parties, their agents, attorneys and all witnesses to this litigation maintain and protect from disclosure the name of the Plaintiff absent further order of this Court.

Respectfully submitted,

SEIKALY STEWART & BENNETT, P.C.
Attorneys for Plaintiff

By: /s/ Jeffrey T. Stewart
    JEFFREY T. STEWART (P33165)
    30445 Northwestern Hwy., Ste. 250
    Farmington Hills, Michigan 48334
    (248) 785-0102

Dated: September 11, 2018

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| A.G. DOE and A.W. DOE<br><br>Plaintiffs,<br><br>v.<br><br>MICHIGAN STATE UNIVERSITY; THE MICHIGAN STATE UNIVERSITY BOARD OF TRUSTEES; LAWRENCE GERARD NASSAR (individual capacity only); WILLIAM D. STRAMPEL, D.O. (individual capacity only); JEFFREY R. KOVAN D.O. (individual capacity only); DOUGLAS DIETZEL, D.O. (individual capacity only); KATHIE KLAGES (individual Capacity only); GARY E. STOLLAK (individual capacity only); BROOKE LEMMEN, D.O. (individual capacity only); DESTINY TEACHNOR-HAUK (individual capacity only); LIANNA HADDEN (individual capacity only); USA GYMNASTICS, INC.; STEVE PENNY; TWISTARS USA, INC. d/b/a GEDDERTS' TWISTARS USA GYMNASTICS CLUB, DEBRA VAN HORN, JOHN GEDDERT and UNITED STATES OLYMPIC COMMITTEE, jointly and severally<br><br>Defendants. | Case No. 1:18-cv-1016<br><br>Hon.<br>United States District Judge |

## BRIEF IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER AND TO FILE UNDER SEAL AFFIDAVIT IDENTIFYING PLAINTIFFS

This claim is brought pursuant to federal and state law and alleges harm caused by the sexual conduct of Dr. Lawrence G. Nassar and fraudulent concealment of such conduct (among other unlawful acts) of Michigan State University and other defendants. The conduct complained of clearly constitutes deliberate indifference to Plaintiffs' rights. Plaintiffs have filed this cause of action using a pseudonym to protect themselves from further embarrassment, emotional distress, and trauma.

Plaintiffs have been kept in the dark about the wide-reaching knowledge and cover up of the decades of abuse during which abuse Nassar subjected hundreds of young women, including themselves, to sexual assaults. Plaintiffs have experienced extreme sadness, depression, humiliation, and even suicidal attempts as a result of Nassar's abuse and defendants' failure to prevent such abuse. Plaintiffs' counsel, Jeffrey T. Stewart, has identified Plaintiffs in his affidavit, which will be served on the defendants along with the complaint and this motion.

Inherit in the power of courts is the power to seal records. As the court held in *Crystal Grower's Corp. v. Dobbins,* 616 F.2d 458, 461 (10th Cir. 1980):

> It is beyond question that this Court has discretionary power to control and seal, if necessary, records and files in its possession. [FN1] See *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 598, 98 S. Ct. 1306, 1312, 55 L. Ed. 2d 570 (1978); *Nixon v. Sirica,* 159 U.S. App.

D.C. 58, 79, 487 F.2d 700, 721 (D.C. Cir. 1973). See also *Birnbaum v. Wilcox-Gay Corp.*, 17 F.R.D. 133, 139 (D.C. Ill. 1953). In exercising this discretion we weigh the interests of the public, which are presumptively paramount, against those advanced by the parties. See *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 602, 98 S. Ct. 1306, 1314, 55 L.Ed.2d 570 (1978); *In re Sarkar*, 575 F.2d 870, 872 (Cust. & Pat.App.1978).

FN1. There are no statutes or rules that would seem to limit or preclude the exercise of this power. Federal courts are exempt from the Freedom of Information Act. See 5 U.S.C. s 551(1)(B). 28 U.S.C. s 753(b), which provides for recordation of proceedings, applies only to district courts. The same is true of Fed.R.Civ.P. 43(a) and 77(b). We express no opinion on the question whether Congress could limit this power.

*See also In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 473-74 (6th Cir. 1983).

Plaintiffs respectfully assert that good cause exists to allow Plaintiffs to file Mr. Stewart's affidavit under seal, and to allow Plaintiffs to proceed pseudonymously. The privacy of minors in court cases is often protected. Cases involving minors or individuals who were underage when they were originally injured frequently employ case captions identifying the minor by only his or her initials. So too, cases involving allegations of physical and emotional abuse also frequently identify one or more parties with pseudonyms or the parties' initials.

The matters stated in the complaint have been excruciatingly trying and emotionally damaging to Plaintiffs. Little to no public interest would be served by having the Plaintiffs' names identified in the case caption or public filings. There is no less restrictive way of protecting Plaintiffs' identity, because any

other means would necessarily disclose the Plaintiffs' identity to the public. Plaintiffs will serve Mr. Stewart's affidavit which identifies the Plaintiffs, on the defendants together with the complaint, this motion, and a copy of the proposed order. Thus, the defendants' interests will be fully protected.

Plaintiffs respectfully request the Court to protect their privacy, grant their motion for a protective order, and allow the filing of Mr. Stewart's affidavit under seal, and to further order that all parties, their agents and attorneys, and all witnesses to this litigation maintain and protect from disclosure Plaintiffs' names absent further order of this Court.

          Respectfully submitted,
          SEIKALY STEWART & BENNETT, P.C.
          Attorneys for Plaintiff

By:   /s/ Jeffrey T. Stewart
      JEFFREY T. STEWART (P24138)
      30445 Northwestern Hwy., Ste. 250
      Farmington Hills, Michigan 48334

Dated: September 11, 2018   (248) 785-0102

## CERTIFICATE OF SERVICE

Tiffany R. Ellis hereby certifies that on this 11th day of September, 2018, she filed the foregoing document with the Clerk of the Court via the Court's ECF system, which will automatically serve this document upon all counsel of record.

          /s/ Tiffany R. Ellis  (P81456)





Seikaly, Stewart & Bennett, PC
30445 Northwestern Hwy., Ste. #250
Farmington Hills, MI 48334

Clerk of the Court
United States District Court
Western District of Michigan
113 Federal Building
315 W. Allegan St.
Lansing, MI 48933