UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE NLF-1 DOE,

                    Plaintiff,

v.

MICHIGAN STATE UNIVERSITY, et al.,

                    Defendants.

Lead Case No. 1:17-cv-00029

Hon. Gordon J. Quist

**Member Case No. 1:18-cv-00842**

---

Wendy M. Schiller-Nichols (P61673)
THE NICHOLS LAW FIRM PLLC
Attorneys for Plaintiff
3452 East Lake Lansing Road
East Lansing, MI  48823
(517) 432-9000
wsnichols@nicholslaw.net

D. Andrew Portinga (P55804)
David J. Gass (P34582)
Rebecca L. Strauss (P64796)
MILLER JOHNSON
Attorneys for Defendant USAG
45 Ottawa Avenue SW, Suite 1100
Grand Rapids, MI 49503
(616) 831-1700
portingaa@millerjohnson.com
gassd@millerjohnson.com
straussr@millerjohnson.com

---

## USA Gymnastics, Inc.'s Answer to Plaintiff's Complaint in Case No. 1:18-cv-000842

Defendant USA Gymnastics, Inc. ("USAG") answers Plaintiff's Complaint as follows:

## I.    PRELIMINARY STATEMENT

1.    This is a civil action for declaratory, equitable, injunctive, and/or monetary relief for injuries sustained by Plaintiff as a result of the acts and omissions of Lawrence Nassar, D.O. ("Nassar"), Michigan State University ("MSU"), the Board of Trustees of Michigan State University ("MSU Trustees"), USA Gymnastics ("USAG"), and Twistars USA, Inc. d/b/a Gedderts' Twistars Gymnastics Club USA, Inc. ("Twistars") and their respective employees, representatives, and agents, relating to sexual assault, abuse, molestation, and nonconsensual sexual touching and harassment by Nassar against Plaintiff, who was a minor when the sexual assaults took place on the false auspice of medical treatment for the sexual gratification of Nassar, and for which was concealed by other Defendants.

**ANSWER:   Admitted only that the complaint purports to state a claim for monetary relief for alleged injuries sustained as a result of the conduct of defendants.   Denied that the complaint seeks declaratory, injunctive, or equitable relief.   Further, USAG denies any liability.**

## II.   JURISDICTION AND VENUE

2.      Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraph.

**ANSWER:   USAG incorporates by reference its responses to the allegations in the previous paragraphs.**

3.      This action is brought pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq*., as more fully set forth herein.

**ANSWER:   The allegations in this paragraph state conclusions of law, to which no answer is required.   To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

4.      This is also an action to redress the deprivation of Plaintiff's constitutional rights under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983.

**ANSWER:   The allegations in this paragraph state conclusions of law, to which no answer is required.   To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

5.      Subject matter jurisdiction is founded upon 28 U.S.C. § 1331 which grants subject matter jurisdiction to district courts over all civil actions arising under the Constitution, laws, and treaties of the United States.

**ANSWER:   The allegations in this paragraph state conclusions of law, to which no answer is required.   To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

6.      Subject matter jurisdiction is also founded upon 28 U.S.C. § 1343 which grants subject matter jurisdiction to district courts over any civil actions authorized by law to be brought by any person to redress the deprivation, under color of any state law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States, and any civil action to recover damages or to secure equitable relief under any act of Congress providing for the protection of civil rights.

**ANSWER:  The allegations in this paragraph state conclusions of law, to which no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

      7.    Subject matter jurisdiction is also founded upon 28 U.S.C. § 1332 as it relates to Plaintiff's claims against USAG for the reason that 28 U.S.C. § 1332 grants subject matter jurisdiction to district courts over all civil actions where the amount in controversy is greater than $75,000.00, exclusive of interest and costs, and the parties are citizens of different states.

**ANSWER:  The allegations in this paragraph state conclusions of law, to which no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

      8.    Plaintiff further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367(a) to hear and decide all claims arising under Michigan law that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

**ANSWER:  Admitted that Plaintiffs invoke supplemental jurisdiction under 28 U.S.C. §1367 and admitted that the Court may exercise such jurisdiction.**

      9.    Plaintiff's claims are cognizable under the United States Constitution, 42 U.S.C. § 1983, 20 U.S.C. §1681 *et seq*., and under Michigan law.

**ANSWER:  The allegations in this paragraph state conclusions of law, to which no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

      10.    The events giving rise to Plaintiff's complaint occurred in Ingham County, Michigan, which sits in the Southern Division of the Western District of Michigan.

**ANSWER:  Admitted.**

      11.    Venue is proper in the United States District Court for the Western District of Michigan, pursuant to 28 U.S.C. § 1391(b)(2), in that this is the judicial district in which the events giving rise to the claim occurred.

**ANSWER:  The allegations in this paragraph state conclusions of law, to which no answer is required.**

      12.    Michigan State University is a public university organized and existing under the laws of the State of Michigan, and Michigan statutory law requires parties to file a Notice of Intention to File Claim in order to maintain any action against the state, in satisfaction of M.C.L. § 600.6431, Plaintiff filed a Notice of Intent to File Claim with the Michigan Court of Claims on June 13, 2018.

**ANSWER:    The allegations in this paragraph state conclusions of law, to which no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

13.    The Michigan Legislature passed a law, same being 183 PA 2018, allowing victims of Nassar [*SIC*] file a lawsuit and join the Nassar Litigation already in progress.

**ANSWER:    The allegations in this paragraph state conclusions of law, to which no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

III.    PARTIES

14.    Plaintiff incorporates the preceding allegations by reference and as though fully stated herein.

**ANSWER:    USAG incorporates by reference its responses to the allegations in the previous paragraphs.**

15.    Plaintiff is an adult female and is a citizen of the State of Michigan.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

16.    Plaintiff's name has been withheld from this Complaint to protect her identity as she was a minor child at the time the sexual abuse occurred.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

17.    Nassar, is a Doctor of Osteopathic Medicine, and was licensed by and in the State of Michigan, and is a citizen of Michigan – and now a citizen of the State of Arizona.

**ANSWER:    Admitted only that Nassar was a Doctor of Osteopathic Medicine and was a citizen of Michigan. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted in this paragraph.**

18.    From approximately 1996 to 2016, Nassar worked for MSU in various positions and capacities.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

19.    From 1986 to approximately 2015, Nassar also worked for USA Gymnastics in various positions and capacities.

4

**ANSWER:    Denied that Nassar was ever an employee of USAG.  Nassar served as a volunteer for USAG in various capacities from 1987 to 2015.**

20.    MSU was at all relevant times and continues to be a public university organized and existing under the laws of the State of Michigan.

**ANSWER:    Admitted.**

21.    MSU receives federal financial assistance and is therefore subject to Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681(a).

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

22.    MSU Trustees is the governing body for Michigan State University.

**ANSWER:    Admitted.**

23.    Lou Anna K. Simon is the immediate past President of MSU, appointed in approximately January 2005. Prior to her appointment as President, she held several administrative roles including assistant provost for general academic administration, associate provost, and provost and vice present for academic affairs during her career with MSU.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

24.    M. Peter McPherson is Past President of MSU and served as President from approximately 1993 – 2004.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

25.    The Deputy Title IX Coordinators for Investigations for MSU for 1999, 2000, and 2014 were responsible for all investigations reported to the Office of Institutional Equity, including all allegations associated with Title IX.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

26.    William D. Strampel, D.O. is the Dean of the College of Osteopathic Medicine at MSU, serving as Dean since approximately April 2002 and as Acting Dean between December 2001 and April 2002 – he is now being prosecuted by the Michigan Attorney General for sexual misconduct inter alia.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

27.    USAG was and continues to be an organization incorporated in Indiana, authorized to conduct business and conducting business throughout the United State, including the State of Michigan.

**ANSWER:    Denied.  USAG is a Texas non-profit corporation with its principal place of business in Indiana.  The remainder of this paragraph states a conclusion of law to which no answer is required.**

28.    Steve Penny is the past president of USAG, named in approximately April 2005, who was responsible for the overall management and strategic planning of USAG.

**ANSWER:    Admitted that Steve Penny was formerly the CEO of USAG and that he had the responsibilities of a CEO.  Otherwise, the allegations are denied.**

29.    Robert Colarossi is the past president of USAG and held the position from approximately 1998 to 2005, and, during that time, was responsible for overall management and strategic planning of USAG.

**ANSWER:    Admitted that Mr. Colarossi was formerly the CEO of USAG and that, as CEO, he had responsibilities consistent with those of a CEO of a non-profit.  Otherwise, the allegations are denied.**

30.    Twistars was and continues to be an organization incorporated in Michigan.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

31.    John Geddert ("Geddert") was at all relevant times and still is the owner and operator of Twistars.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

32.    MSU Sports Medicine Clinic is a wholly owned affiliate of MSU, operating in the County of Ingham, State of Michigan, that offers medical care and treatment to individuals, including Plaintiff; because MSU Sports Medicine is a program run and operated by MSU, and MSU solicits and targets individuals like Plaintiff, Plaintiff would fall within the University Community as defined by its Title IX policies.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

IV.    <u>FACTUAL ALLEGATIONS</u>

33.    Plaintiff incorporates the preceding allegations by reference as though fully stated herein.

**ANSWER:   USAG incorporates by reference its responses to the allegations in the previous paragraphs.**

34.   At all relevant times, Nassar maintained an office at MSU in East Lansing, Michigan.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

35.   At all relevant times, MSU, MSU Trustees, and Nassar were acting under color of law, specifically under color of statutes, ordinances, regulations, policies, customs, and usages of the State of Michigan or MSU.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

36.   At all relevant times, Nassar was acting in the scope of his employment or agency with MSU.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

37.   At all relevant times, Nassar was acting in the scope of his employment or agency with USAG.

**ANSWER:   Denied.**

38.   Nassar had actual or apparent authority to act as the team doctor at Twistars events, including practices and competitive invitational events, and, at all relevant times, was acting in the scope of his employment or agency with Twistars.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

39.   Nassar graduated and earned a degree from Michigan State University as a Doctor of Osteopathic Medicine in approximately 1993.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

40.   From approximately 1998 to 2015, Nassar was employed by USAG in various positions, including, but not limited to, the following positions: (a) Certified Athletic Trainer; (b) Osteopathic Physician; (c) National Medical Director; (d) National Team Physician, USA Gymnastics; and (e) National Team Physician, USA Gymnastics Women's Artistic Gymnastics National Team.

**ANSWER:    Denied.    Admitted only that Nassar served as a volunteer in various capacities for USAG from 1987 to 2015.**

> 41.    From approximately 1996 to 2016, Nassar was employed by MSU in various positions, including, but not limited to, the following positions: (a) Associate Professor, MSU's Division of Sports Medicine, Department of Radiology, College of Osteopathic Medicine; (b) Team Physician, MSU's Men's and Women's Gymnastics Teams; (c) Team Physician, MSU's Men's and Women's Track Field Teams; (d) Team Physician, MSU's Men's and Women's Crew Teams; (e) Team Physician, MSU's Intercollegiate Athletics; (f) Medical Consultant, MSU's Wharton Center for the Performing Arts; and (g) Advisor, Student Osteopathic Association of Sports Medicine.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

> 42.    Twistars is a gymnastics facility with which Nassar was affiliated since approximately 1996.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

> 43.    Geddert served as the USA World and Olympic Women's Gymnastics Team Head Coach.

**ANSWER:    Admitted only that Geddert was a coach at the 2011 World Championships and at the 2012 Olympics.**

> 44.    Geddert regularly recommended Nassar as a reputable physician to athletes who trained at Twistars.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

> 45.    Twistars displayed at least one photograph of Nassar at its facility for an extended period of time.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

> 46.    Nassar had actual or apparent authority to act on behalf of Twistars, and acted with that authority in regularly providing services and/or treatments to Twistars' members and to USAG members that trained at Twistars' facility, including Plaintiff herein.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

47.     Nassar is a doctor of osteopathic medicine and has never been a doctor of obstetrics or gynecology.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

48.     While employed by MSU and USAG, Nassar practiced medicine at MSU's Sports Medicine Clinic located on MSU's campus.

**ANSWER:     Denied as to USAG. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted in this paragraph.**

49.     During Nassar's employment, agency, and representation with the MSU, USAG, and Twistars, and under the false pretense that what he was doing was a proper medical treatment, Nassar sexually assaulted, battered, abused, and molested Plaintiff by touching her genital area and digitally penetrating her vagina without Plaintiff's consent and without the consent of Plaintiff's parents.

**ANSWER:     Denied as to USAG. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted in this paragraph.**

50.     Plaintiff was a cheerleader at Charlotte High School from 2009 – 2011.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

51.     Plaintiff's injuries included but were not limited to: back pain, neck pain, numbness and tingling bilateral arms, left arm injury, right ankle injury, rib pain, headaches, Cervical Somatic Dysfunction, Cranial Somatic Dysfunction, Thoracic Somatic Dysfunction, Lumbar Somatic Dysfunction, Rib Somatic Dysfunction, Sacral Somatic Dysfunction, innominate Somatic Dysfunction, and Pubic Somatic Dysfunction.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

52.     Plaintiff's pediatrician, Dr. Mark Takagishi, referred her to Nassar for treatment.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

53.     Plaintiff was referred to Nassar who came highly recommended by many in the gymnastics community at the local, national, and international levels.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

54.     Nassar treated Plaintiff for her injuries from 2009 – 2011.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

55.     Nassar used his fingers to penetrate Plaintiff's anus and he digitally manipulated her vagina while purportedly treating Plaintiff's low back pain.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

56.     Nassar would massage Plaintiff's inner thighs and vaginal area while purportedly treating Plaintiff's injuries including but not limited to neck and low back pain.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

57.     Nassar then rubbed and digitally penetrated Plaintiff's vagina during numerous visits to his office; unbeknownst to Plaintiff, Nassar was doing this for sexual gratification rather than legitimate medical treatment.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

58.     Nassar misrepresented to Plaintiff that this was the appropriate way to treat her injuries including but not limited to low back pain, left hand paralysis and neck pain.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

59.     Because of Nassar's reputation and the Plaintiff and her parents had no reason to doubt Nassar, as MSU, Twistars, and USAG represented him to be a reputable, ethical, and trustworthy doctor.

**ANSWER:     Denied as to USAG.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted in this paragraph.**

60.     Plaintiff continued to treat with Nassar at his office at MSU's Sports Medicine Clinic, which is located on MSU's East Lansing, Michigan campus.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

61.     All of Plaintiff's "treatments" occurred at Nassar's office at MSU.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

62.    Nassar would instruct Plaintiff to wear short shorts or a leotard for each "treatment."

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

63.    Nassar would end each "treatment" by sliding Plaintiff's clothing out of the way, touching and/or rubbing her genitals; upon information and belief, Nassar did so for sexual gratification.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

64.    Nassar would not wear gloves during these "treatments."

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

65.    The State of Michigan Department of Licensing and Regulatory Affairs has promulgated rules related to Occupational Health Standards to prevent the spread of blood borne infectious diseases, including rules mandating the use of gloves when there is a possible exposure to vaginal secretions. Michigan Administrative Code, R. 325.70001 *et seq*.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

66.    Nassar's decision to willfully violate these rules by not wearing gloves is indicative of his motive for self-gratification in his sexual abuse of Plaintiff.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

67.    Plaintiff did not treat and never intended to treat with Nassar for OB/GYN issues.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

68.    Nassar did not give prior notice or obtain consent for digital penetration from Plaintiff or Plaintiff's parents even though she was a minor at the time.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

11

69.     Plaintiff was a minor when the sexual abuse happened, as she did not reach the age of majority until 2010.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

70.     Neither Plaintiff nor Plaintiff's parents consented to any touching, rubbing, or digital penetration of Plaintiff's anus and vagina.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

71.     As a result, from 2009 and 2011, under the guise of treatment, Nassar sexually assaulted, battered, abused, and molested Plaintiff by touching and rubbing her genital area without the use of gloves, and without Plaintiff's consent or the consent of Plaintiff's parents.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

72.     Nassar's sexual assault, battery, abuse, and molestation of Plaintiff by rubbing her vagina without gloves occurred on at numerous different occasions.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

73.     Nassar's conduct and actions taken against Plaintiff constituted sexual assault, abuse, and molestation, and was undertaken for Nassar's pleasure and self-gratification.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

74.     Nassar used his position of trust and confidence in an abusive manner, causing Plaintiff to suffer a variety of injuries including shock, humiliation, emotional distress and related physical manifestations thereof, embarrassment, loss of self-esteem, disgrace, and loss of enjoyment of life.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

75.     Plaintiff and her parents had no reason to suspect Nassar was anything other than a competent and ethical physician based on his affiliations with MSU, Twistars, and USAG, and their representations of Nassar therein.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

76.     MSU learned that Nassar was being charged with a crime in Fall of 2016; however, MSU failed or refused to notify Plaintiff or anyone similarly situated to Plaintiff of the same, even though it was reasonably foreseeable that the allegations against Nassar would become public and Plaintiff and others like her would learn that the treatment they received was not treatment, but, instead, a sexual assault, and such information could cause, and did cause, emotional harm and damage.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

77.     Plaintiff first learned that allegations of sexual abuse had been brought forward against Nassar in approximately the fall of 2016, after she was exposed to the media releases concerning the allegations against Nassar. It was then that Plaintiff realized that his "treatments" were not normal procedure, but, rather, a sexual assault, and violations of Plaintiff's rights, privacy and trust.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

78.     For over 20 years, Nassar had unrestricted and unmonitored access to young female athletes through the Sports Medicine Clinic at MSU, USAG, and Twistars, who all regularly and routinely referred young female athletes to his care.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph insofar as they relate to MSU.  USAG admits only that Nassar volunteered for USAG in various roles from 1987 to 2015. Otherwise, the allegations in this paragraph are denied.**

79.     In 1999, an MSU student athlete reported to trainers and her coach, who were both employees of MSU, concerns about Nassar's conduct and "treatment," yet MSU failed to take the appropriate action, as required by law, in response to her complaints, which would have resulted in Plaintiff not being assaulted by Nassar in the first place.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

80.     MSU had an obligation under federal and state law to investigate this report.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

81.     MSU also had the following obligations, among others, pursuant to its Office of Institutional Equity ("OIE") policy:

    A.    "to promptly take steps to investigate or otherwise determine what occurred and then to address instances of relationship violence and sexual misconduct when it knows or should have known about such instances."

    B.    to inform "the MSU Police of all reports it receives regarding sexual assaults."

    C.    to "take immediate steps to initiate the investigatory process to determine what happened and to resolve the matter promptly and equitably."

    D.    to "take prompt, responsive action to support a claimant and will take steps to eliminate, prevent, or address a hostile environment if it determines that one exists."

    E.    "to conduct a prompt, adequate, reliable, and impartial investigation to determine what occurred and then to take appropriate steps to resolve the situation when it learns of an incident of sexual misconduct.

    F.    "independently investigate complaints of relationship violence and sexual misconduct."

    G.    to conduct an investigation "by the Office of Institutional Equity under the direction of the Deputy Title IX Coordinator for Investigations."

    H.    to promptly report allegations of sexual misconduct "to the Office of Institutional Equity."

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

    82.    Upon information and belief, and in violation of federal law, state law, and the Michigan State University OIE policy, MSU failed to take any action in response in the 1999 complaint.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph**

    83.    In 2000, another MSU student athlete reported to trainers concerns about Nassar's conduct and "treatment," yet again MSU failed to take any action in response to her complaints.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

    84.    Upon information and belief, and in violation federal law, state law, and the Michigan State University OIE police, MSU failed to take any action in response in the 2000 complaint.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

85.     Had MSU taken the appropriate action, including, but not limited to, conducting an appropriate investigation, its conclusions would have been different and Plaintiff would never had been assaulted by Nassar.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

86.     Additional complaints regarding Nassar's conduct surfaced in 2014. A victim reported she had an appointment with Nassar to address hip pain and was sexually abused and molested by Nassar when he cupped her buttocks, massaged her breast and vaginal area, and became sexually aroused.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

87.     MSU dismissed the victim's complaint, stating that the complainant did not understand the "nuanced difference" between sexual assault and an appropriate medical procedure. MSU further deemed Nassar's conduct "medically appropriate" and "[n]ot of a sexual nature."

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

88.     Upon information and belief, Nassar became subject to new institutional guidelines at MSU, one of which was that Nassar was not to examine or treat patients alone.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

89.     Upon information and belief, Nassar ignored or otherwise refused to comply with these guidelines and continued to treat patients alone, and MSU did not take appropriate measures to ensure that these institutional guidelines were enforced and adhered to.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

90.     Upon information and belief, and in violation federal law, state law, and the Michigan State University OIE policy, MSU failed to take appropriate action in response in the 2014 complaint.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

91.   As early as 1999, representatives of MSU were aware of Nassar's conduct, yet failed to appropriately respond to allegations. This display of deliberate indifference resulted in the sexual assault, abuse, and molestation of Plaintiff and other young athletes through approximately 2016.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

92.   MSU's deliberate indifference before, during, and after the sexual assault, abuse, and molestation of Plaintiff was in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681 *et seq*., 42 U.S. C. § 1983, as well as other Federal and State laws.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

93.   The number of complaints against Nassar placed MSU on notice; thus, MSU had sufficient knowledge that Nassar committed sexual assault, sexual harassment, and sexual violence against women who were minors, or recently over the age of majority, such that MSU was required by law to do more than show a deliberate indifference to the complaints being made.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

94.   If MSU had fulfilled its obligation under federal law, state law, and its OIE policy, it would have had to immediately remove Nassar in 2014.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

95.   If MSU had removed Nassar in 2014, knowledge of Nassar's sexual misconduct would have become public at that time.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

96.   Upon information and belief, MSU knew that if it removed Nassar, the news and surroundings of said removal would become immediately well-known and widespread.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

97.   Upon information and belief, MSU also knew that news of Nassar's removal would hurt its reputation in the local and national community, as well as opening it up to possible litigation.

16

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

98.   Upon information and belief, MSU consciously chose to fraudulently conceal these allegations, not acknowledging them until February 3, 2017.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

99.   Upon information and belief, MSU decided to wait as long as possible to take action against Nassar.

**ANSWER:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.**

100.   In late November 2016, Nassar was arrested and charged in Ingham County, Michigan on three charges of first-degree criminal sexual conduct with a person under 13.

**ANSWER:   Admitted.**

101.   In mid-December 2016, Nassar was indicted, arrested, and charged in the United States District Court for the Western District of Michigan in Grand Rapids, Michigan on charges of possession of child pornography and receipt/attempted receipt of child pornography.

**ANSWER:   Admitted.**

102.   The acts, conduct, and omissions of MSU, USAG and Twistars, and their policies, customs, and practices with respect to investigating sexual assault allegations, severely compromised the safety and health of Plaintiff and an unknown number of individuals, and have resulted in repeated instances of sexual assault, abuse and molestation of Plaintiff by Nassar, which has been devastating for Plaintiff and her family.

**ANSWER:   Denied as to USAG. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining matters asserted in this paragraph.**

103.   This action arises from Defendants' blatant disregard for Plaintiff's federal and state rights, and Defendants' deliberately indifferent and unreasonable response to physician-on-patient/physician-on-student/physician-on-athlete   sexual   assault, battery, abuse, and molestation.

**ANSWER:   USAG denies any liability and denies that it acted inappropriately.  Admitted only that the complaint purports to state a claim based on alleged federal and state rights.**

## V.      CLAIMS AGAINST MSU DEFENDANTS

### A.      COUNT ONE-ALLEGED VIOLATIONS OF TITLE IX, 20 U.S.C. §1681(a) et seq., AS TO MSU DEFENDANTS

104.    Plaintiff incorporates the preceding paragraphs by reference as though fully stated herein.

**ANSWER:    USAG incorporates by reference its responses to the allegations in the previous paragraphs.**

105.    "No *person* in the United States shall on the basis of sex, be ... subject to discrimination under any education program or activity receiving Federal financial assistance. ..."20 U.S.C. § 1681(a) (emphasis added).

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

106.     "Title IX also protects third parties from sexual harassment or violence in a school's education programs and activities." U.S. Dept. of Ed., Office of Civil Rights, Dear Colleague Letter: Sexual Violence, Apr. 4, 2011, at 4 n11, https://www2.ed.gov/print/about/offices/list/ocr/letters/colleague-201104.html.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

107.    Plaintiff is a "person" within the meaning of 20 U.S.C. § 1681(a).

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

108.    MSU receives federal financial assistance for its education program and is therefore subject to the provisions of Title IX of the Education act of 1972, 20 U.S.C. § 1681 *et seq*.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

109.    MSU is required under Title IX to investigate allegations of sexual assault, sexual abuse, and sexual harassment, including, specifically, allegations that sexual abuse, sexual assault, or sexual harassment has been committed by an employee. U.S. Dept. of Ed., Office of Civil Rights, Questions and Answers on Title IX and

Sexual       Violence,     Apr.     29,     2014,     at     1,     3,
https://www2.ed.gov/about/offices/list/ocr/docs/qa-201404-title-ix.pdf.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

110.   Nassar's actions and conduct were carried out under one of MSU's programs, which provides medical treatment to students, athletes, and the general public, wherein MSU, MSU Sports Medicine Clinic, solicits and markets to people like Plaintiff, and places Plaintiff within the University community.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

111.   Nassar's actions and conduct towards Plaintiff of nonconsensual sexual assault, battery, and molestation, which includes unconsented touching and rubbing of Plaintiff's genitalia and unconsented digital pentation of Plaintiff's vagina, constitute sex discrimination under Title IX.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

112.   As early as 1997, 1998, 1999 and 2000, an appropriate person at MSU had knowledge of acts committed by Nassar that constituted sex discrimination under Title IX.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG**

113.   MSU failed to carry out their duties to investigate and take corrective action under Title IX in 1999 or 2000.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

114.   MSU Defendants were notified again in 2014 that Nassar had committed acts that constituted sex discrimination under Title IX when a victim reported that she had an appointment with Nassar to address hip pain and was sexually assaulted by Nassar when he cupped her buttocks, massaged her breast and vaginal area and became sexually aroused.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

115.   Regardless, MSU's report in 2014 omitted certain key facts, such as the fact that Nassar was sexually aroused while touching her and that the victim had to physically remove Nassar's hands from her body to end the appointment.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

116.   MSU Defendants showed a deliberate indifference by rejecting evidence of sexual assault, concluding that the victim had only experienced appropriate medical treatment and not sexual assault, and dismissing her complaint.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

117.   MSU Defendants failed to adequately supervise Nassar even though MSU had actual knowledge that Nassar posed a substantial risk of additional sexual abuse of females to who he had unfettered access.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

118.   After the 1999, 2000, and 2014, complaints Nassar continued to sexually assault, abuse, and molest individuals.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

119.   MSU Defendants acted with deliberate indifference to known acts of sexual assault, abuse, and molestation on its premises by:

A.   Failing to investigate and address complaints against Nassar of sexual assault in 1999 and 2000 as required by Title IX;

B.   Failing to adequately investigate and address the 2014 complaint regarding Nassar's conduct; and,

C.   Failing to instate [*SIC*] corrective measures to prevent Nassar from violating and sexually abusing other students and individuals, including minors.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

> 120.  MSU Defendants acted with deliberate indifference by failing to respond to the allegations of sexual assault, abuse, and molestation in light of the known circumstances, Nassar's conduct toward female athletes, and his access to young girls and young women.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

> 121.  MSU Defendants' deliberate indifference is further confirmed by the Department of Education's investigation into MSU's handling of sexual assault and relationship violence allegations, which revealed:
>
>> A.  That MSU Defendants' failure to adequately respond to allegations of sexual assault created a sexually hostile environment and affected numerous students and staff on MSU's campus;
>>
>> B.  That MSU Defendants' failure to address complaints of sexual violence in a prompt and equitable manner caused and may have contributed to a continuation of the sexually hostile environment.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

> 122.  MSU Defendants' responses were clearly unreasonable as Nassar continued to sexually assault female athletes and other individuals until he was discharged from the MSU in 2016.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

> 123.  MSU Defendants' failure to promptly and appropriately investigate and remedy the 1999, 2000, and 2014 complaints of sexual assault resulted in Plaintiff being subject to further harassment and a sexually hostile environment, which denied Plaintiff the benefits of, and subjecting her to discrimination under, the educational programs and activities at MSU.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

124.     As a direct and proximate result of MSU Defendants' actions and inactions, Plaintiff has suffered and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

## B.      COUNT TWO- ALLEGED VIOLATIONS OF CIVIL RIGHTS, 42 U.S.C. § 1983, AS TO MSU DEFENDANTS AND NASSAR

125.     Plaintiff incorporates the preceding paragraphs by reference as though fully stated herein.

**ANSWER:   USAG incorporates by reference its responses to the allegations in the previous paragraphs.**

126.     Plaintiff, as a female, is a member of a protected class under the Equal Protection Clause of the Fourteenth Amendment to the United States.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

127.     Plaintiff enjoys the constitutionally protected Due Process right to be free from the invasion of bodily integrity through sexual assault, abuse, or molestation.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

128.     At all relevant times, MSU Defendants were acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the State of Michigan and/or MSU.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

129.     The acts as alleged above amount to a violation of these clearly established constitutionally protected rights, of which reasonable persons in the MSU Defendants' positions knew or should have been aware.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

130. MSU Defendants have the ultimate responsibility and authority to train and supervise its employees, agents, and representatives, in the appropriate manner of detecting, reporting, and preventing sexual abuse, assault, and molestation and as a manner of acts, custom, policy, and/or practice failed to do so with deliberate indifference.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

131. As a matter of custom, policy, and and/or practice, MSU Defendants have the ultimate responsibility and authority to investigate complaints against their employees, agents, and representatives from all individuals including, but not limited to, students, visitors, faculty, staff, or other employees, agents, and representatives, and failed to do so with deliberate indifference.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

132. MSU Defendants had a duty to prevent sexual assault, abuse, and molestation on their campus and premises, that duty arising under the above-referenced constitutional rights, as well as established rights pursuant to Title IX.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

133. MSU's internal policies provide that "[a]ll University employees ... are expected to promptly report sexual misconduct or relationship violence that they observe or learn about that involves a member of the University community (faculty, staff or student) or occurred at a University event or on University property." They state further that "[t]he employee must report all relevant details about the alleged relationship violence or sexual misconduct that occurred on a campus or at a campus-sponsored event"

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

134. This policy was violated in or around 1999 when a victim reported sexual assault, abuse, and molestation by Nassar to MSU representatives, including trainers and a coach and no action was taken to address her complaints.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

135. MSU's internal policies were again violated in 2000 when another victim reported sexual assault, abuse, and molestation by Nassar to MSU representatives, including trainers and no action was taken to address her complaints.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

136. MSU Defendants' failure to address the 1999 and 2000 complaints led to an unknown number of individuals being victimized, sexually assaulted, abused, and molested by Nassar, including Plaintiff.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

137. Additionally, MSU Defendant's failure to properly address the 2014 complaint regarding Nassar's conduct also led to others being victimized, sexually assaulted, abused and molested by Nassar.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

138. Ultimately, MSU Defendants' failed to adequately and properly investigate complaints, including but not limited to failing to:

A. Perform an investigation into improper conduct by Nassar after receiving complaints in 1999 and 2000;

B. Thoroughly review and investigate all policies, practices, procedures and training materials related to the circumstances surrounding the conduct of Nassar;

C. Recognize sexual assault when reported in 2014 and permitting University officials to deem sexual assault as "medically appropriate" and "not of a sexual nature;" and

D. Ensure all institutional guidelines issued following the 2014 investigation into Nassar's conduct were satisfied.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.   To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

139.   As indicated in the U.S. Department of Education Office of Civil Rights report, MSU Defendants allowed a sexually hostile environment to exist, affecting numerous individuals on MSU's campus, including Plaintiff.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.   To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

140.   As also discussed in the report, MSU's custom, practice, and/or policy of failing to address complaints of sexual harassment, including, but not limited to, sexual violence, in a prompt and equitable manner, caused and may have contributed to a continuation of the sexually hostile environment.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.   To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

141.   By failing to prevent the aforementioned sexual assault, abuse, and molestation of Plaintiff, and by failing to appropriately respond to reports of Nassar's sexual assault, abuse, and molestation in a manner that was so clearly unreasonable it amounted to deliberate indifference, MSU Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.   To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

142.   MSU Defendants are also liable to Plaintiff under 42 U.S.C. § 1983 for maintaining customs, policies, and practices, which deprived Plaintiff of rights secured by the Fourteenth Amendment to the United States Constitution.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.   To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

143.   MSU Defendants tolerated, authorized, and/or permitted a custom, policy, practice, or procedure of insufficient supervision and failed to adequately screen, counsel, or discipline Nassar, with the result that Nassar continued to violate the rights of persons such as Plaintiff, with impunity.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.   To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

144.   As a direct and proximate result of MSU Defendants' actions and inactions, Plaintiff has suffered and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

## C.   COUNT THREE- ALLEGED FAILURE TO TRAIN AND SUPERVISE, IN VIOLATION OF 42 U.S.C. § 1983, AS TO MSU DEFENDANTS

145.   Plaintiff incorporates the preceding paragraphs by reference as though fully stated herein.

**ANSWER:   USAG incorporates by reference its responses to the allegations in the previous paragraphs.**

146.   MSU Defendants have the ultimate responsibility and authority to train and supervise its employees, agents, and/or representatives, including Nassar and all faculty and staff, regarding their duties toward students, faculty, staff, and visitors.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

147.   MSU Defendants failed to train and supervise its employees, agents, and/or representatives, including all faculty and staff, regarding the following duties:

   A.   Perceive, report, and stop inappropriate sexual conduct on campus;

   B.   Provide diligent supervision over student-athletes and other individuals;

   C.   Report suspected incidents of sexual abuse or sexual assault;

   D.   Ensure the safety of all students, faculty, staff, and visitors to MSU's campuses premises;

   E.   Provide a safe environment for all students, faculty, staff, and visitors to MSU's premises free from sexual harassment; and,

   F.   Properly train faculty and staff to be aware of their individual responsibility for creating and maintaining a safe environment.

26

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

148.    The above list of duties is not exhaustive.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

149.    MSU Defendants failed to adequately train coaches, trainers, medical staff, and others regarding the aforementioned duties, which led to violations of Plaintiff's rights.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

150.    As a result, MSU Defendants deprived Plaintiff of rights secured by the Fourteenth Amendment to the United State Constitution, in violation of 42 U.S.C. § 1983.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

151.    As a direct and proximate result of MSU Defendants' actions and inactions, Plaintiff has suffered and continues to suffer pain of mind and body, shock, emotional distress, embarrassment, loss of self-esteem, disgrace, fright grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

D.    **COUNT FOUR-ALLEGED VIOLATIONS OF THE ELLIOT-LARESEN [*SIC*] CIVIL RIGHTS ACT, MCL 37.2101 AS TO MSU DEFENDANTS AND NASSAR**

152.    Plaintiff incorporates the preceding paragraphs by reference as though fully stated herein.

**ANSWER:   USAG incorporates by reference its responses to the allegations in the previous paragraphs.**

27

153.    The Elliot-Larsen Civil Rights Act ("Elliot-Larsen") [*SIC*] prohibits discrimination based on sex. MCL 37.2102.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

154.    "Discrimination because of sex includes sexual harassment" MCL 37.2103(i).

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

155.    "Sexual harassment means unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct or communication of a sexual nature" MSL 37.2103(i).

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

156.    Elliot-Larsen [*SIC*] protects against sexual harassment in educational institutions.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

157.    MSU is an educational institution pursuant to MCL 37.2401.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

158.    An educational institution shall not "discriminate against an individual in the *full utilization of or benefit* from the institution, or the services, activities, or programs provided by the institution because of . . . sex." MCL 37.2401(a) (emphasis added).

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

159.    Elliot-Larsen [*SIC*] also protects against sexual harassment in places of public accommodation. MCL 37.2302. Under this section, an individual shall not be denied "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation or public service because of . . . sex." MCL37.2302(a).

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

160.    MSU is a "place of public accommodation" because its "services, facilities, privileges, advantages, or accommodations are extended, offered, sold, or otherwise made available to the public." MCL 37.2301(a).

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

161.    Plaintiff is a "person" within the meaning of MCL 37.2103(g).

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

162.    Nassar's actions and conduct were carried out under one of MSU's programs, which provides medical treatment to students, athletes, and the general public, wherein MSU, through MSU Sport Medicine Clinic, solicits and markets to people like Plaintiff, and places Plaintiff within the University community.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

163.    Nassar's actions and conduct toward Plaintiff denied her the full and equal enjoyment of MSU's services at a place of public accommodation, in violation of Elliot-Larson [*SIC*].

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

164.    Nassar's actions and conduct toward Plaintiff of nonconsensual sexual assault, battery, and molestation, which includes unconsented touching and rubbing of Plaintiff's genitalia and unconsented digital penetration of Plaintiff's vagina, constitute sex discrimination under Elliot-Larsen. [*SIC*].

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

165.    As a direct and proximate result of MSU Defendants and Nassar's actions and inactions, Plaintiff has suffered and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress,

embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

E.   **COUNT FIVE–ALLEGED GROSS NEGLIGENCE AS TO THE MSU DEFENDANTS AND NASSAR**

166.   Plaintiff incorporates the preceding paragraphs by reference as though fully stated herein.

**ANSWER:   USAG incorporates by reference its responses to the allegations in the previous paragraphs.**

167.   MSU Defendants owed Plaintiff a duty to use due care to ensure her safety and freedom from sexual assault, abuse, and molestation while interacting with their employees, representatives, and/or agents, including Nassar.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

168.   Nassar owed Plaintiff a duty of due care in carrying out medical treatment as an employee, agent, and/or representative of the MSU Defendants.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

169.   By seeking medical treatment from Nassar in the course of his employment, agency, and/or representation of the MSU Defendants, a special, confidential, and fiduciary relationship between Plaintiff and Nassar was created, resulting in Defendant Nassar owing Plaintiff a duty to use due care.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

170.   MSU Defendants' failure to adequately supervise Nassar, especially after MSU Defendants knew or should have known of complaints regarding his nonconsensual sexual touching and assaults during "treatments," and said failure

to adequately supervise was so reckless that it demonstrated a substantial lack of concern for whether an injury would result to Plaintiff.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

171.   Nassar's conduct in sexually assaulting, abusing, and molesting Plaintiff in the course of his employment, agency, and/or representation of MSU Defendants, and under the guise of rendering "medical treatment," was so reckless as to demonstrate a substantial lack of concern for whether an injury would result to Plaintiff.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

172.   MSU Defendants' conduct demonstrated a willful disregard for precautions to endure Plaintiff's safety.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

173.   MSU Defendants' and Nassar's conduct, as described in this Complaint, demonstrated a willful disregard for substantial risks to Plaintiff.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

174.   MSU Defendants' and Nassar breached duties owed to Plaintiff and were grossly negligent when they conducted themselves by the actions described, above, said acts having been committed with reckless disregard for Plaintiff's health, safety, Constitutional and/or statutory rights, and with a substantial lack of concern as to whether an injury would result.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

175.   As a direct and proximate result of MSU Defendants' actions and/or inactions, Plaintiff suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, and was prevented and will continue to be prevented from

performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

**F.   COUNT SIX-ALLEGED NEGLIGENCE AS TO MSU DEFENDANTS AND NASSAR**

176.   Plaintiff incorporates the preceding paragraphs by reference as though fully stated herein.

**ANSWER:   USAG incorporates by reference its responses to the allegations in the previous paragraphs.**

177.   MSU Defendants owed Plaintiff a duty of ordinary care to ensure her safety and freedom from sexual assault, abuse, and molestation while interacting with their employees, representatives and/or agents.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

178.   By seeking medical treatment from Nassar, in his capacity as an employee, agent and/or representative of MSU Defendants, a special, confidential, and fiduciary relationship between Plaintiff and Nassar was created, resulting in Nassar owing Plaintiff a duty to use ordinary care.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

179.   MSU Defendants' failure to adequately train and supervise Nassar breached their duty of ordinary care.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

180.   MSU Defendants had notice through its own employees, agents, and/or representatives as early as 1999, again in 2000, and again in 2014, of complaints of a sexual nature related to Nassar's purported "treatments" with young girls and women.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

181.   MSU Defendants should have known of the foreseeability of sexual abuse with respect to youth and collegiate sports.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

182.   MSU Defendants' failure to properly investigate, address, and remedy complaints regarding Nassar's conduct was a breach of ordinary care.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

183.   Nassar's conduct in sexually assaulting, abusing, and molesting Plaintiff in the course of his employment, agency, and/or representation of MSU Defendants was a breach of his duty to use ordinary care.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

184.   As a direct and proximate result of MSU Defendants' conduct, actions and/or inactions, Plaintiff suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self- esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

G.   **COUNT SEVEN-ALLEGED VICARIOUS LIABILITY AGAINST MSU DEFENDANTS**

185.   Plaintiff incorporates the preceding paragraphs by reference as though fully stated herein.

**ANSWER:   USAG incorporates by reference its responses to the allegations in the previous paragraphs.**

186.   Vicarious liability is indirect responsibility imposed by operation of law where an employer is bound to keep its employees within their proper bounds and is responsible if it fails to do so. *See generally Gallagher v. C.H. Robinson Worldwide, Inc.*, 567 F.3d 263 (6th Cir. 2009).

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

187.   Vicarious liability essentially creates agency between the principal and its agent so that the principal is held to have done what the agent has done.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

188.   MSU Defendants employed and/or held Nassar out to be its agent and/or representative from approximately 1996 to 2016.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

189.   MSU's website contains hundreds of pages portraying Nassar as a distinguished member of MSU's College of Osteopathic Medicine, Division of Sports Medicine.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

190.   MSU Defendants are vicariously liable for the actions of Nassar, as described in this Complaint, that were performed during the course of his employment, representation, and/or agency with MSU Defendants, and while he had unfettered access to young female athletes on MSU's campus and premises through its College of Osteopathic Medicine and Division of Sports Medicine.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

191.   As a direct and proximate result of Nassar's actions carried out in the course of his employment, agency, and/or representation of MSU Defendants, Plaintiff suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and

obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

## H.     COUNT EIGHT-ALLEGED EXPRESS/IMPLIED AGENCY AS TO MSU DEFENDANTS

192.    Plaintiff incorporates the preceding paragraphs by reference as though fully stated herein.

**ANSWER: USAG incorporates by reference its responses to the allegations in the previous paragraphs.**

193.    An agent is a person who is authorized by another to act on its behalf.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

194.    MSU Defendants intentionally or negligently made representations that Nassar was their employee, agent, and/or representative.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

195.    On the basis of those representations, Plaintiff reasonably believed that Nassar was acting as an employee, agent, and/or representative of MSU Defendants.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

196.    Plaintiff was injured as a result of Nassar's sexual assault, abuse, and molestation, as described in this Complaint, that were performed during the course of his employment, agency, and/or representation with MSU Defendants and while he had unfettered access to young female athletes.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

197. Plaintiff was injured because she relied on MSU Defendants to provide employees, agents, and/or representatives who would exercise reasonable skill and care.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

198. MSU Defendants are liable for the actions of Nassar, as described in this Complaint, that were performed during the course of his employment, representation, and/or agency with MSU Defendants, and while he had unfettered access to young female athletes on MSU's campus and premises through its College of Osteopathic Medicine and Division of Sports Medicine.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

199. As a direct and proximate cause of Nassar's negligence carried out in the course of his employment, agency, and/or representative of MSU Defendants, Plaintiff suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

I. **COUNT NINE-ALLEGED NEGLIGENT SUPERVISION AS TO MSU DEFENDANTS**

200. Plaintiff incorporates the preceding paragraphs by reference as though fully stated herein.

**ANSWER: USAG incorporates by reference its responses to the allegations in the previous paragraphs.**

201. MSU Defendants had a duty to provide reasonable supervision of their employee, agent, and/or representative, Nassar, while he was in the course of his employment, agency, or representation with MSU Defendants and while he interacted with young female athletes including Plaintiff.

36

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

202.    It was reasonably foreseeable given the known sexual abuse in youth sports and gymnastics in particular that Nassar who had prior allegations against him had or would sexually abuse children, including Plaintiff, unless properly supervised.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

203.    MSU Defendants by and through their employees, agents, managers, and/or assigns, such as President Simon, President McPherson, Dean Strampel, or others, knew or reasonably should have known of Nassar's conduct and/or that Nassar was an unfit employee, agent, and/or representative because of his sexual interest in children.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

204.    MSU Defendants breached their duty to provide reasonable supervision of Nassar, and permitted Nassar, who was in a position of trust and authority, to commit the acts against Plaintiff.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

205.    The aforementioned sexual abuse occurred while Plaintiff and Nassar were on the premises of MSU, and while Nassar was acting in the course of his employment, agency, and/or representation of MSU Defendants.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

206.    MSU Defendants tolerated, authorized, and/or permitted a custom, policy, practice, or procedure of insufficient supervision and failed to adequately screen, counsel, or discipline such individuals, with the result that Nassar was allowed to violate the rights of persons such as Plaintiff, with impunity.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

207.  As a direct and proximate result of the MSU Defendants' negligent supervision, Plaintiff suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

**ANSWER:  The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

## J.  COUNT TEN-ALLEGED NEGLIGENT FAILURE TO WARN OR PROTECT AS TO MSU DEFENDANT

208.  Plaintiff incorporates the preceding paragraphs by reference as though fully stated herein.

**ANSWER:  USAG incorporates by reference its responses to the allegations in the previous paragraphs.**

209.  MSU Defendants knew or should have known that Nassar posed a risk of harm to Plaintiff or those in Plaintiff's situation.

**ANSWER:  The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

210.  As early as 1999, MSU Defendants had direct and/or constructive knowledge as to the dangerous conduct of Nassar and failed to act reasonably and responsibly in response.

**ANSWER:  The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

211.  MSU Defendants knew or should have known Nassar committed sexual assault, abuse, and molestation and/or was continuing to engage in such conduct.

**ANSWER:  The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

212.  MSU Defendants had a duty to warn or protect Plaintiff and others in Plaintiff's situation against the risk of injury by Nassar.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

213.   The duty to disclose this information arose by the special, trusting, confidential, and fiduciary relationship between Defendant Nassar as an employee, agent, and/or representative of MSU Defendants and Plaintiff.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

214.   MSU Defendants breached said duty by failing to warn Plaintiff and/or by failing to take reasonable steps to protect Plaintiff from Nassar.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

215.   MSU Defendants breached its duties to protect Plaintiff by failing to:

A.   Respond to allegations of sexual assault, abuse, and molestation;

B.   Detect and/or uncover evidence of sexual assault, abuse and molestation; and

C.   Investigate, adjudicate, and terminate Nassar's employment with MSU prior to 2016.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

216.   MSU Defendants failed to adequately screen, counsel, and/or discipline Nassar for physical and/or mental conditions that might have rendered him unfit to discharge the duties and responsibilities of a physician at an educational institution, resulting in violations of Plaintiff's rights.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

217.   MSU Defendants willfully refused to notify, give adequate warning, and implement appropriate safeguards to protect Plaintiff from Nassar's conduct.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

218.    As a direct and proximate result of the MSU Defendants negligent failure to warn or protect, Plaintiff suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earning and earning capacity.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

## K.    COUNT ELEVEN-ALLEGED NEGLIGENT FAILURE TO TRAIN OR EDUCATE AS TO MSU DEFENDANTS

219.    Plaintiff incorporates the preceding paragraphs by reference as though fully stated herein.

**ANSWER:   USAG incorporates by reference its responses to the allegations in the previous paragraphs.**

220.    MSU Defendants breached their duty to take reasonable protective measures to protect Plaintiff and other minors from the risk of childhood sexual abuse and/or sexual assault by Nassar, such as the failure to properly train or educate Plaintiff and other individuals (including minors) about how to avoid such a risk.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

221.    MSU Defendants failed to implement reasonable safeguards to:

A.    Prevent acts of sexual assault, abuse, and molestation by Nassar; and

B.    Avoid placing Defendant Nassar in positions where he would be in unsupervised contact and interaction with Plaintiff and other young females.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

222.    As a direct and proximate result of MSU Defendants' negligent failure to train or educate, Plaintiff suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

## L.    COUNT TWELVE-ALLEGED NEGLIGENT RETENTION AS TO MSU DEFENDANTS

223.    Plaintiff incorporates the preceding paragraphs by reference as though fully stated herein.

**ANSWER:    USAG incorporates by reference its responses to the allegations in the previous paragraphs.**

224.    MSU Defendants had a duty when credentialing, hiring, retaining, screening, checking, regulating, monitoring, and supervising employees, agents, and/or representatives to exercise due care, but they failed to do so.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

225.    MSU Defendants were negligent in the retention of Nassar as an employee, agent, and/or representative in their failure to adequately investigate, report, and address complaints about his conduct of which they knew or should have known.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

226.    MSU Defendants were negligent in the retention of Nassar as an employee, agent, and/or representative when after they discovered, or reasonably should have discovered Nassar's conduct, which reflected a propensity for sexual misconduct.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

41

227.   MSU Defendants' failure to act in accordance with the standard of care resulted in Nassar gaining access to and sexually abusing and/or sexually assaulting Plaintiff and an unknown number of other individuals.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.   To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

228.   The aforementioned negligence in the credentialing, hiring, retaining, screening, checking, regulating, monitoring, and supervising of Nassar created a foreseeable risk of harm to Plaintiff as well as other minors and young adults.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.   To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

229.   As a direct and proximate result of the MSU Defendants' negligent retention, Plaintiff suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.   To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

## M.   COUNT THIRTEEN-ALLEGED INTENTIAL INFLICTION OF EMOTIONAL DISTRESS AS TO MSU DEFENDANTS

230.   Plaintiff incorporates the preceding paragraphs by reference as though fully stated herein.

**ANSWER:   USAG incorporates by reference its responses to the allegations in the previous paragraphs.**

231.   MSU Defendants allowed Nassar to be in a position where he could sexually assault, abuse, and molest children and young adults.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.   To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

232.   A reasonable person would not expect MSU Defendants to tolerate or permit their employee or agent to carry out sexual assault, abuse, or molestation after they

knew or should have known of complaints and claims of sexual assault and abuse occurring during Nassar's "treatments."

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

233.    MSU Defendants held Nassar in high esteem and acclaim, which, in turn, encouraged Plaintiff and others to respect and trust Nassar and seek out his services, and to not question his methods or motives.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

234.    MSU Defendants protected Nassar in part to bolster and sustain his national and international reputation in the gymnastics community.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

235.    A reasonable person would not expect the MSU Defendants to be incapable of supervising Nassar and/or preventing Nassar from committing acts of sexual assault, abuse, and molestation.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

236.    MSU Defendants' conduct, as described in this Complaint, was intentional and/or reckless.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

237.    As a direct and proximate result of MSU Defendants' conduct, Plaintiff suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

## N.   COUNT FOURTEEN-ALLEGED FRAUD AND MISREPRESENTATION AS TO MSU DEFENDANTS AND NASSAR

238.   Plaintiff incorporates the preceding paragraphs by reference as though fully stated herein.

**ANSWER:   USAG incorporates by reference its responses to the allegations in the previous paragraphs.**

239.   From approximately 1996 to September 2016, MSU Defendants represented to Plaintiff and the public that Nassar was a competent and safe physician.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

240.   By representing that Nassar was a team physician and athletic physician at MSU, and a National Team Physician with USAG, MSU Defendants represented to Plaintiff and the public that Nassar was safe, trustworthy, of high moral and ethical repute, and that Plaintiff and the public need not worry about being harmed by Nassar.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

241.   From approximately January of 2009 to May of 2011, Nassar intentionally misrepresented to Plaintiff and Plaintiff's mother that his "treatments" were the proper procedure to treat Plaintiff's injuries including but not limited to her lower back and neck pain, when, in fact, he knew the same to be untrue.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

242.   Nassar used his reputation, authority, and position to unlawfully represent to Plaintiff and Plaintiff's mother that his "treatment" was proper.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

243.   The representations were false when they were made as Nassar had and was continuing to sexually assault, abuse, and molest Plaintiff and an unknown number of other individuals.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.   To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

244.   After the complaints brought to MSU representatives in 1999 and 2000 regarding Nassar's conduct, MSU Defendants knew their representations of Nassar were false.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.   To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

245.   Although MSU was informed of Nassar's conduct, they failed to investigate, remedy, or in any way address the complaints in 1999, 2000 and 2014.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.   To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

246.   MSU Defendants continued to hold Nassar out as a competent and safe physician.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.   To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

247.   Between the time of the 1999 complaint and September 2016, the MSU Defendants continued to hold Nassar out as a competent and safe physician.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.   To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

248.   These actions of MSU Defendants were purportedly done as an attempt to hide the known instances of sexual abuse committed by Nassar.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.   To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

249.   Plaintiff relied on the assertions of MSU Defendants and continued to seek treatment from Nassar while MSU Defendant knew of the concerns and dangers.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

250.    Plaintiff was subjected to sexual assault, abuse, and molestation as a result of MSU Defendants' fraudulent misrepresentations regarding Nassar.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

251.    As a direct and proximate result of MSU Defendants' and Nassar's fraudulent misrepresentations, Plaintiff suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

## VI.    CLAIMS AGAINST USA GYMNASTICS

### A.    COUNT FIFTEEN-ALLEGED GROSS NEGLIGENCE AS TO USAG AND NASSAR

252.    Plaintiff incorporates the preceding paragraphs by reference as though fully stated herein.

**ANSWER:   USAG incorporates by reference its responses to the allegations in the previous paragraphs.**

253.    USAG owed Plaintiff a duty to use due care to ensure their safety and freedom from sexual assault, abuse, and molestation while interacting with their employees, representatives, and/or agents.

**ANSWER:   The allegations in this paragraph state conclusions of law, to which no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

254.    Nassar owed Plaintiff a duty to use due care in his capacity as an employee, representative, and/or agent of USAG.

**ANSWER:    The allegations in this paragraph state conclusions of law, to which no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

255.    By seeking medical treatment from Nassar in his capacity as an employee, agent, and/or representative of USAG, a special, confidential, and fiduciary relationship between Plaintiff and Nassar was created, resulting in Nassar owing Plaintiff a duty to use due care.

**ANSWER:    The allegations in this paragraph state conclusions of law, to which no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

256.    USAG's failure to adequately supervise Nassar was so reckless as to demonstrate a substantial lack of concern for whether an injury would result to Plaintiff.

**ANSWER:    Denied.**

257.    Nassar's conduct in sexually assaulting, abusing, and molesting Plaintiff under the guise of rendering medical "treatment" as an employee, representative, and/or agent of USAG was so reckless as to demonstrate a substantial lack of concern for whether an injury would result to Plaintiff.

**ANSWER:    Denied.**

258.    USAG's conduct demonstrated a willful disregard for necessary precautions to reasonably protect Plaintiff's safety.

**ANSWER:    Denied.**

259.    USAG's conduct, as described in this Complaint, demonstrated a willful disregard for the substantial risks to Plaintiff.

**ANSWER:    Denied.**

260.    USAG breached duties owed to Plaintiff and were grossly negligent when they conducted themselves by actions, described above, including, but not limited to, their failure to notify MSU about the reasons for Nassar's separation from USAG and more broadly the issues surrounding sexual abuse in gymnastics and warning signs and reporting requirements.

**ANSWER:    Denied.**

261.    Said acts were committed with reckless disregard for Plaintiff's health, safety, Constitutional and/or statutory rights, and with a substantial lack of concern as to whether an injury would result.

**ANSWER:** **Denied.**

262.  As a direct and proximate result of USAG's and Nassar's actions and/or inactions, Plaintiff suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self- esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

**ANSWER:** **Denied.**

**B.** **COUNT SIXTEEN-ALLEGED NEGLIGENCE AS TO USAG AND NASSAR**

263.  Plaintiff incorporates the preceding paragraphs by reference as though fully stated herein.

**ANSWER:** **USAG incorporates by reference its responses to the allegations in the previous paragraphs.**

264.  USAG owed Plaintiff a duty of ordinary care to ensure her safety and freedom from sexual assault, abuse, and molestation while being treated by their employees, representatives, and agents.

**ANSWER:** **The allegations in this paragraph state conclusions of law, to which no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

265.  Plaintiff had a reasonable expectation that USAG was recommending competent and ethical physicians and trainers for medical treatment who would carry out said treatment without sexual assault, abuse, and molestation.

**ANSWER:** **The allegations in this paragraph state conclusions of law, to which no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

266.  By seeking medical treatment from Nassar in his capacity as an employee, agent, and/or representative of USAG, a special, confidential, and fiduciary relationship between Plaintiff and Nassar was created, resulting in Nassar owing Plaintiff a duty to use ordinary care.

**ANSWER:** **The allegations in this paragraph state conclusions of law, to which no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

267.  Nassar owed Plaintiff a duty of ordinary care in carrying out medical treatment.

**ANSWER:   The allegations in this paragraph state conclusions of law, to which no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

268.   USAG's failure to adequately train and supervise Nassar breached the duty of ordinary care.

**ANSWER:   Denied.**

269.   USAG's failure to inform Plaintiff and the public of the allegations and concerns leading to Nassar's separation from USAG was a breach of ordinary care.

**ANSWER:   Denied.**

270.   Nassar's conduct in sexually assaulting, abusing, and molesting Plaintiff was a breach of the duty to use ordinary care.

**ANSWER:   Denied.  USAG denies any liability for Nassar's conduct.**

271.   As a direct and proximate result of USAG's and Nassar's conduct, actions and/or inactions, Plaintiff suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self- esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

**ANSWER:   Denied.**

## C.   COUNT SEVENTEEN-ALLEGED VICARIOUS LIABILITY AS TO USAG

272.   Plaintiff incorporates the preceding paragraphs by reference as though fully stated herein.

**ANSWER:   USAG incorporates by reference its responses to the allegations in the previous paragraphs.**

273.   Vicarious liability is indirect responsibility imposed by operation of law where an employee is bound to keep its employees within their proper bounds and is responsible if it fails to do so.

**ANSWER:   The allegations in this paragraph state conclusions of law, to which no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

274.   Vicarious liability essentially creates agency between the principal and its agent, so that the principal is held to have done what the agent has done.

**ANSWER:   The allegations in this paragraph state conclusions of law, to which no answer is required.   To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

275.   USAG employed and/or held Nassar out to be its agent and/or representative from approximately 1986 to 2015.

**ANSWER:   Denied.**

276.   USAG is vicariously liable for the actions of Nassar, as described in this Complaint, that were performed during the course of his employment, representation, or agency with USAG, and while he had unfettered access to young female athletes.

**ANSWER:   Denied.**

277.   As a direct and proximate cause of Nassar's negligence carried out in the course of his employment, agency, and/or representation with USAG, Plaintiff suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

**ANSWER:   Denied.**

**D.   COUNT EIGHTEEN-ALLEGED EXPRESS/IMPLIED AGENCY AS TO USAG**

278.   Plaintiff incorporates the preceding paragraphs by reference as though fully stated herein.

**ANSWER:   USAG incorporates by reference its responses to the allegations in the previous paragraphs.**

279.   An agent is a person who is authorized by another to act on its behalf.

**ANSWER:   The allegations in this paragraph state conclusions of law, to which no answer is required.   To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

280.   USAG intentionally or negligently made representations that Nassar was their employee, agent, and/or representative.

**ANSWER:   Denied.**

281.    On the basis of those representations, Plaintiff reasonably believed Nassar was acting as an employee, agent, and/or representation of USAG.

**ANSWER:    Denied.**

282.    Plaintiff was injured as a result of Nassar's sexual assault, abuse, and molestation carried out through his employment, agency, and/or representation with USAG.

**ANSWER:    Denied that Nassar was the employee or agent of USAG or that USAG is liable for Nassar's acts.**

283.    Plaintiff was injured because she relied on USAG to provide employees or agents who would exercise reasonable skill and care.

**ANSWER:    Denied.**

284.    USAG is liable for the actions of Nassar, as described in this Complaint, that were performed during the course of his employment, representation, or agency with USAG, and while he had unfettered access to young female athletes.

**ANSWER:    Denied.**

285.    As a direct and proximate cause of Nassar's negligence carried out in the course of his employment, agency, and/or representation with USAG, Plaintiff suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

**ANSWER:    Denied.**

**E.    COUNT NINETEEN-ALLEGED NEGLIGENT SUPERVISION AS TO USAG**

286.    Plaintiff incorporates the preceding paragraphs by reference as though fully stated herein.

**ANSWER:    USAG incorporates by reference its responses to the allegations in the previous paragraphs.**

287.    USAG had a duty to provide reasonable supervision of its employee, agent, and/or representative, Nassar, while he was in the course of his employment, agency and/or representation of USAG, and while he interacted with young female athletes including Plaintiff.

51

**ANSWER:    The allegations in this paragraph state conclusions of law, to which no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

288.    It was reasonably foreseeable given the known sexual abuse in youth sports, in particular, gymnastics, that Nassar, who had prior allegations against him, would sexually abuse children, including Plaintiff, unless properly supervised.

**ANSWER:    The allegations in this paragraph state conclusions of law, to which no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

289.    USAG by and through their employees, agents, managers, and/or assigns, such as Mr. Penny or Mr. Colarossi, knew or reasonably should have known of Nassar's conduct and/or that Nassar was an unfit employee, agent, and/or representative because of his sexual interest in children and young adults.

**ANSWER:    Denied.**

290.    USAG breached its duty to provide reasonable supervision of Nassar, and its failure permitted Nassar, who was in a position of trust and authority, to sexually abuse Plaintiff.

**ANSWER:    Denied.**

291.    The aforementioned sexual abuse occurred while Nassar was acting in the course of his employment, agency and/or representation of USAG.

**ANSWER:    Denied.**

292.    USAG tolerated, authorized, and/or permitted a custom, policy, practice, or procedure of insufficient supervision and failed to adequately screen, counsel or discipline Nassar, with the result that Nassar was allowed to violate the rights of Plaintiff and other young girls, with impunity.

**ANSWER:    Denied.**

293.    As a direct and proximate result of USAG's negligent supervision, Plaintiff suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

**ANSWER:    Denied.**

### F.   COUNT TWENTY-ALLEGED NEGLIGENT FAILURE TO WARN OR PROTECT AS TO USAG

294.   Plaintiff incorporates the preceding paragraphs by reference as though fully stated herein.

**ANSWER:   USAG incorporates by reference its responses to the allegations in the previous paragraphs.**

295.   Given the direct or indirect knowledge of sexual abuse in youth sports, in particular, gymnastics, it was reasonably foreseeable that sexual abuse of minors may occur if proper procedures were put in place by USAG.

**ANSWER:   The allegations in this paragraph state conclusions of law, to which no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

296.   USAG knew or should have known that Nasssar [*SIC*] posed a risk of harm to Plaintiff or those in Plaintiff's position.

**ANSWER:   Denied.**

297.   USAG had direct and/or constructive knowledge as to the dangerous conduct of Nassar and failed to act reasonably and responsibly in response.

**ANSWER:   Denied.**

298.   USAG knew or should have known that Nassar previously committed sexual assault, abuse, and molestation, and/or was continuing to engage in such conduct.

**ANSWER:   Denied.**

299.   USAG had a duty to warn or protect Plaintiff and others in Plaintiff's situation against the risk of injury by Nassar.

**ANSWER:   The allegations in this paragraph state conclusions of law, to which no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

300.   The duty to disclose this information arose by the special, trusting, confidential, and fiduciary relationship between Nassar in his capacity as employee, agent, and/or representative of USAG and Plaintiff.

**ANSWER:   Denied.**

301.    USAG breached said duty by failing to warn Plaintiff and/or by failing to take reasonable steps to protect Plaintiff from Nassar.

**ANSWER:    Denied.**

302.    USAG breached its duties to protect Plaintiff by failing to detect and/or uncover evidence of sexual abuse and sexual assault, investigate, adjudicate, and suspend and/or ban Nassar from USAG affiliation and USAG sanctioned events.

**ANSWER:    Denied.**

303.    USAG failed to adequately screen, counsel, and/or discipline Nassar for physical and/or mental conditions that might have rendered him unfit to discharge the duties and responsibilities of a physician in his capacity as an employee, agent, and/or representative of USAG, resulting in violations of Plaintiff's rights.

**ANSWER:    Denied.**

304.    USAG willfully refused to notify, give adequate warning, and implement appropriate safeguards to protect Plaintiff from Nassar's conduct.

**ANSWER:    Denied.**

305.    As a direct and proximate results of USAG's negligent failure to warn or protect, Plaintiff suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

**ANSWER:    Denied.**

## G.    COUNT TWENTY-ONE-ALLEGED NEGLIGENT FAILURE TO TRAIN OR EDUCATE AS TO USAG

306.    Plaintiff incorporates the preceding paragraphs by reference as though fully stated herein.

**ANSWER:    USAG incorporates by reference its responses to the allegations in the previous paragraphs.**

307.    USAG breached its duty to take reasonable protective measures to protect Plaintiff and other young girls from the risk of childhood sexual abuse and/or sexual assault by Nassar, such as the failure to properly train or educate Plaintiff and other individuals, including minors, about how to avoid such a risk.

**ANSWER:   Denied.**

308.   USAG failed to implement reasonable safeguards to:

A.   Prevent acts of sexual assault, abuse, and molestation by Nassar; and

B.   Avoid placing Nassar in positions where he would be in unsupervised contact and interaction with Plaintiff and other young athletes.

**ANSWER:   Denied.**

309.   As a direct and proximate result of USAG's negligent failure to train or educate, Plaintiff suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

**ANSWER:   Denied.**

**H.   COUNT TWENTY-TWO-ALLEGED NEGLIGENT RETENTION AS TO USAG**

310.   Plaintiff incorporates the preceding paragraphs by reference as though fully stated herein.

**ANSWER:   USAG incorporates by reference its responses to the allegations in the previous paragraphs.**

311.   USAG had a duty when credentialing, hiring, retaining, screening, checking, regulating, monitoring, and supervising employees, agents, and/or representatives to exercise due care, but they failed to do so.

**ANSWER:   The allegations in this paragraph state conclusions of law, to which no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

312.   USAG was negligent in the retention of Nassar as an employee, agent, and/or representative in their failure to adequately investigate, report, and address complaints about his conduct of which they knew or should have known.

**ANSWER:   Denied.**

313.   USAG was negligent in the retention of Nassar when after they discovered, or reasonably should have discovered, Nassar's conduct, which reflected a propensity for sexual misconduct.

**ANSWER:   Denied.**

314.   USAG's failure to act in accordance with the standard of care resulted in Nassar gaining access to and sexually abusing and/or sexually assaulting Plaintiff, as well as an unknown number of other minors and young women.

**ANSWER:   Denied.**

315.   The aforementioned negligence in the credentialing, hiring, retaining, screening, checking, regulating, monitoring, and supervising of Nassar created a foreseeable risk of harm to Plaintiff as well as other minors and young women.

**ANSWER:   Denied.**

316.   As a direct and/or proximate result of USAG's negligent retention, Plaintiff suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained.

**ANSWER:   Denied.**

## I.   COUNT TWENTY-THREE - ALLEGED INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS TO USAG

317.   Plaintiff incorporates the preceding paragraphs by reference as though fully stated herein.

**ANSWER:   USAG incorporates by reference its responses to the allegations in the previous paragraphs.**

318.   USAG allowed Nassar to be in a position where he could sexually assault, abuse, and molest children and young adults.

**ANSWER:   Denied.**

319.   A reasonable person would not expect USAG to tolerate or permit their employee, agent, or representative to carry out sexual assault, abuse, or molestation.

**ANSWER:   This paragraph contains an allegation of law, for which no answer is required.   To the extent that an answer is required, USAG denies that it tolerated or permitted an employee, agent, or representative to carry out sexual assault, abuse, or molestation and denies the allegations in this paragraph.**

320.   USAG held Nassar in high esteem and acclaim, which, in turn, encouraged Plaintiff and others to respect and trust Nassar, to seek out his services, and to not question his methods or motives.

**ANSWER:     Denied.**

> 321.    USAG protected Nassar, in part, to bolster his national and international reputation in the gymnastics community.

**ANSWER:     Denied.**

> 322.    A reasonable person would not expect USAG to be incapable of supervising Nassar and/or preventing Nassar from committing acts of sexual assault, abuse, and molestation.

**ANSWER:     This paragraph contains an allegation of law, for which no answer is required.  To the extent that an answer is required, USAG denies any liability for Nassar's acts and denies the allegations in this paragraph.**

> 323.    USAG's conduct, as described in this Complaint, was intentional and/or reckless.

**ANSWER:     Denied.**

> 324.    As a direct and proximate result of USAG's conduct, Plaintiff suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

**ANSWER:     Denied.**

**J.      COUNT TWENTY-FOUR-ALLEGED FRAUD AND MISREPRESENTATION AS TO USAG**

> 325.    Plaintiff incorporates the preceding paragraphs by reference as though fully stated herein.

**ANSWER:     USAG incorporates by reference its responses to the allegations in the previous paragraphs.**

> 326.    From approximately 1996 through the summer 2015, Defendant USAG represented to Plaintiff and the public that Nassar was competent, ethical, and safe physician.

**ANSWER:     Denied.  Further, the allegations in this paragraph fail to comply with Fed. R. Civ. P. 9(b).**

> 327.    By representing that Nasasar [*SIC*] was a team physician and athletic physician at MSU, Twistars, and a National Team Physician with Defendant USAG, USAG

57

represented to Plaintiff and the public that Defendant Nassar was safe, trustworthy, of high moral and ethical repute, and that Plaintiff and the public need not worry about being harmed by Nassar.

**ANSWER:     Denied.  Further, the allegations in this paragraph fail to comply with Fed. R. Civ. P. 9(b).**

328.   The representations were false when they were made because Nassar had and was continuing to sexually assault, abuse, and molest Plaintiff and an unknown number of other individuals.

**ANSWER:     Denied.  Further, the allegations in this paragraph fail to comply with Fed. R. Civ. P. 9(b).**

329.   Additionally, once complaints of Nassar were made to USAG, USAG had an obligation to notify appropriate organizations to protect individuals in a class similar to Plaintiff, which would include the other Defendants in this case.

**ANSWER:     Denied.  Further, the allegations in this paragraph fail to comply with Fed. R. Civ. P. 9(b). Further, USAG reported its concern and those of the athletes to the FBI. USAG was instructed by the FBI not to interfere in the FBI's investigation, and thus USAG did not alert third parties about the matter.  USAG denies that it owed or breached any legal duty to report concerns about Nassar to the other defendants and otherwise denies the allegations in this paragraph.**

330.   Plaintiff relied on the assertions of USAG and continued to seek treatment of Nassar while USAG knew of the concerns and dangers.

**ANSWER:     Denied.  Further, the allegations in this paragraph fail to comply with Fed. R. Civ. P. 9(b).**

331.   Plaintiff was subjected to sexual assault, abuse, and molestation as a result of USAG's fraudulent misrepresentations regarding Nassar.

**ANSWER:     Denied.  Further, the allegations in this paragraph fail to comply with Fed. R. Civ. P. 9(b).**

332.   As a direct and proximate result of USAG's fraudulent misrepresentations, Plaintiff suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

**ANSWER:     Denied.  Further, the allegations in this paragraph fail to comply with Fed. R. Civ. P. 9(b).**

## VII.   CLAIMS AGAINST TWISTARS

## A.   COUNT TWENTY-FIVE- ALLEGED GROSS NEGLIGENCE AS TO TWISTARS AND NASSAR

333.   Plaintiff incorporates the preceding paragraphs by reference as though fully stated herein.

**ANSWER:   USAG incorporates by reference its responses to the allegations in the previous paragraphs.**

334.   In or around 1997, a parent of a gymnast at Twistars' facility complained to Mr. Geddert, the owner and operator of Twistars, regarding Nassar's conduct, alleging sexual abuse, assault, and molestation.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

335.   Despite being informed of Nassar's conduct, Mr. Geddert recommended Nassar as a physician to members and guests of Twistars.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

336.   Mr. Geddert owed Plaintiff a duty of ordinary care to ensure her safety and freedom from sexual assault, abuse, and molestation.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

337.   In recommending Nassar with knowledge of Nassar's conduct, Mr. Geddert breached the duty of ordinary care to Plaintiff and the public.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

338.   Twistars breached the duty of ordinary care to Plaintiff and the public by failing to investigate the 1997 allegations of sexual abuse made to Mr. Geddert.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

339. Twistars owed Plaintiff a duty to use due care to ensure her safety and freedom from sexual assault, abuse, and molestation while interacting with their employees, representatives, and/or agents.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

340. Nassar owed Plaintiff a duty to use due care as an employee, representative, and/or agent of Twistars.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

341. By seeking medical treatment from Nassar in his capacity as an employee, agent, and/or representative of Twistars, a special, confidential, and fiduciary relationship between Plaintiff and Nassar was created, resulting in Nassar owing Plaintiff a duty to use due care.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

342. Despite the known sexual abuse which has taken place in youth sports, in particular, gymnastics, and the reasonable foreseeability that harm may occur to athletes, Twistars failed to adequately supervise Nassar.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

343. Twistars' actions were so reckless as to demonstrate a substantial lack of concern for whether an injury would result to Plaintiff and other young athletes training at Twistars.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

344. Nassar's conduct in sexually assaulting, abusing, and molesting Plaintiff in the course of his employment, agency and/or representation of Twistars and under the guise of rendering medical "treatment" as an employee, representative, and/or agent of Twistars was so reckless as to demonstrate a substantial lack of concern for whether an injury would result to Plaintiff.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

345.    Twistars' conduct demonstrated a willful disregard for precautions to ensure Plaintiff's safety.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

346.    Twistars' conduct, as described in this Complaint, demonstrated a willful disregard for substantial risks to Plaintiff.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

347.    Twistars breached duties owed to Plaintiff and was grossly negligent, as demonstrated by the actions and inactions described above.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

348.    Twistars acted with reckless disregard for Plaintiff's health, safety, Constitutional and/or statutory rights, and with a substantial lack of concern as to whether an injury would result.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

349.    As a direct and proximate result of Twistars' actions and/or inactions, Plaintiff suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

**B.    COUNT TWENTY-SIX-ALLEGED NEGLIGENCE AS TO TWISTARS AND NASSAR**

350.   Plaintiff incorporates the preceding paragraphs by reference as though fully stated herein.

**ANSWER:   USAG incorporates by reference its responses to the allegations in the previous paragraphs.**

351.   In or around 1997, a parent of a gymnast at Twistars' facility complained to Mr. Geddert, the owner and operator of Twistars, regarding Nassar's conduct, alleging sexual abuse, assault, and molestation.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

352.   Despite being informed of Nassar's conduct, Mr. Geddert recommended Nassar as a physician to members and guests of Twistars.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

353.   Mr. Geddert owed Plaintiff a duty of ordinary care to ensure her safety and freedom from sexual assault, abuse, and molestation.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

354.   In recommending Defendant Nassar with knowledge of Nassar's conduct, Mr. Geddert breached the duty of ordinary care to Plaintiff and the public.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

355.   Twistars breached the duty of ordinary care to Plaintiff and the public by failing to investigate the 1997 allegations of sexual abuse made to Mr. Geddert.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

356.   Twistars breached the duty of ordinary care to Plaintiff and the public by failing to report the 1997 allegations, which were made to Mr. Geddert, to law enforcement.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

357. Plaintiff, in taking the recommendation of Twistars to seek medical treatment from Nassar, had a reasonable expectation that Nassar would carry out medical treatment without subjecting her to sexual assault, abuse, or molestation.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

358. By seeking medical treatment from Nassar, a special, confidential, and fiduciary relationship between Plaintiff and Nassar was created, resulting in Nassar owing Plaintiff a duty to use ordinary care.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

359. Twistars' failure to adequately train and supervise Nassar while he was at their facility breached the duty of ordinary care.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

360. As a direct and proximate result of Twistars' and Nassar's conduct, actions and/or inactions, Plaintiff suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self- esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

**ANSWER: The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

## C. COUNT TWENTY-SEVEN-ALLEGED EXPRESS/IMPLIED AGENCY AS TO TWISTARS

361. Plaintiff incorporates the preceding paragraphs by reference as though fully stated herein.

**ANSWER: USAG incorporates by reference its responses to the allegations in the previous paragraphs.**

362. An agent is a person who is authorized by another to act on its behalf.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

363. Twistars intentionally or negligently made representations that Nassar was their employee, agent, and/or representative.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

364. On the basis of those representations, Plaintiff reasonably believed that Nassar was acting as an employee, agent, and/or representative of Twistars.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

365. Plaintiff was injured as a result of Nassar's sexual assault, abuse, and molestation as described, in this Complaint.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

366. Plaintiff was injured because she relied on Twistars to provide employees, agents, and/or representatives who would exercise reasonable skill or care.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

367. Twistars is liable for the actions of Nassar, as described in this Complaint, that were performed during the course of his employment, representation, and/or agency with Twistars and while he had unfettered access to young female athletes through his employment, representation, and/or agency with Twistars.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

368. As a direct and proximate cause of Nassar's negligence carried out through his employment, agency, and or representation of Twistars Plaintiff suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of

self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.   To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

### D.   COUNT TWENTY-EIGHT-ALLEGED NEGLIGENT SUPERVISION AS TO TWISTARS

369.   Plaintiff incorporates the preceding paragraphs by reference as though fully stated herein.

**ANSWER:   USAG incorporates by reference its responses to the allegations in the previous paragraphs.**

370.   Twistars each had a duty to provide reasonable supervision of its employee, agent, and/or representative, Nassar, while he was in the course of his employment, agency, or representation of Twistars when he interacted with young female athletes, including Plaintiff.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.   To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

371.   It was reasonably foreseeable given the known sexual abuse in youth sports, in particular, gymnastics, that Nassar, who had prior allegations of sexual abuse levied against him, would sexually abuse children, including Plaintiff, unless properly supervised.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.   To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

372.   Twistars, by and through their employees, agents, managers, and/or assigns, knew or reasonably should have known of Nassar's conduct and/or that Nassar was an unfit employee, agent, and/or representative because of his sexual interest in children and young adults and the 1997 complaint made to Mr. Geddert of the nonconsensual sexual touching during "treatment."

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.   To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

373. Twistars breached its duty to provide reasonable supervision of Nassar and permitted Nassar, who was in a position of trust and authority, to commit the acts against Plaintiff.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.   To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

374. The aforementioned sexual abuse occurred while Plaintiff and Nassar were on the premises of Twistars, and while Nassar was acting in the course of his employment, agency, or representation of Twistars.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.   To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

375. Twistars tolerated, authorized, and/or permitted a custom, policy, practice, or procedure of insufficient supervision and failed to adequately screen, counsel, or discipline such individuals, with the result that Nassar was allowed to violate the rights of Plaintiff and other young athletes, with impunity.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.   To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

376. As a direct and proximate result of Twistars' negligent supervision, Plaintiff suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.   To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

## E.   COUNT TWENTY-NINE-ALLEGED NEGLIGENT FAILURE TO WARN OR PROTECT AS TO TWISTARS

377. Plaintiff incorporates the preceding paragraphs by reference as though fully stated herein.

**ANSWER:   USAG incorporates by reference its responses to the allegations in the previous paragraphs.**

378. Twistars knew or should have known that Nassar posed a risk of harm to Plaintiff or those in Plaintiff's situation.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

379. As early as 1997, Twistars, by a complaint made to its owner, employee, agent, and/or representative, Mr. Geddert, has direct and/or constructive knowledge as to the dangerous conduct of Nassar and failed to act reasonably and responsibly in response.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

380. Twistars knew or should have known that Nassar committed sexual assault, abuse, and molestation and/or was continuing to engage in such conduct.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

381. Twistars had a duty to warn or protect Plaintiff and others in Plaintiff's situation against the risk of injury by Nassar.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

382. The duty to disclose this information arose by the special, trusting, confidential, and fiduciary relationship between Nassar, an agent/representative/employee of Twistars and Plaintiff.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

383. Twistars breached said duty by failing to warn Plaintiff and/or by failing to take reasonable steps to protect Plaintiff from Nassar.

**ANSWER:** **The allegations in this paragraph do not pertain to USAG; as such, no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

384. Twistars breached its duties to protect Plaintiff by failing to detect and/or uncover evidence of sexual abuse and sexual assault.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

385.    Twistars breached its duties to protect Plaintiff by failing to investigate Nassar and suspend and/or ban Nassar from Twistars sanctioned events.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

386.    Twisters failed to adequately screen, control, and/or discipline Nassar for physical and/or mental conditions that might have rendered him unfit to discharge the duties and responsibilities of a physician with their organization, resulting in violations of Plaintiff's rights.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

387.    Twistars willfully refused to notify, give adequate warning, and implement appropriate safeguards to protect Plaintiff and other young athletes from Nassar's conduct.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

388.    As a direct and proximate result of Twistars' negligent failure to warn or protect, Plaintiff suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self –esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

**F.    COUNTY THIRTY-ALLEGED INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS TO TWISTARS**

389.    Plaintiff incorporates the preceding paragraphs by reference as though fully stated herein.

**ANSWER:   USAG incorporates by reference its responses to the allegations in the previous paragraphs.**

> 390.   Twistars allowed Nassar to be in a position where he could sexually assault, abuse, and molest minors and young adults at its facility and other places.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.   To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

> 391.   A reasonable person would not expect Twistars to tolerate or permit their employee, agent, or representative to carry out sexual assault, abuse, or molestation.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.   To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

> 392.   Twistars held Nassar in high esteem and acclaim which in turn encouraged Plaintiff and others to respect and trust Nassar, seek his services, and not question his methods or motives.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.   To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

> 393.   Twistars protected Nassar in part to bolster and sustain his national and international reputation in the gymnastics community, and Twistars' reputation in the gymnastics community.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.   To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

> 394.   A reasonable person would not expect Twistars to be incapable of supervising Nassar and/or preventing Nassar from committing acts of sexual assault, abuse, and molestation on their premises and at their facility.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.   To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

> 395.   Twistars' conduct, as described in this Complaint, was intentional and/or reckless.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.   To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

396.     As a direct and proximate cause of Twistars' conduct, Plaintiff suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

## G.    COUNT THIRTY-ONE-ALLEGED FRAUD AND MISREPRESENTATION AS TO TWISTARS

397.     Plaintiff incorporates the preceding paragraphs by reference as though fully stated herein.

**ANSWER:   USAG incorporates by reference its responses to the allegations in the previous paragraphs.**

398.     Twistars represented to the general public and Plaintiff in particular that Nassar was a competent, ethical, and safe physician.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

399.     By representing that Nassar was a team physician and athletic physician at MSU and a National Team Physician with USAG, Twistars represented to public in general and Plaintiff that they need not worry about being harmed by Nassar.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

400.     The representations were false when they were made as Nassar had and was continuing to sexually assault, abuse, and molest unknown number of individuals at Twistars' facility.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

401.     As early as 1997, Twistars knew their representations of Nassar were false because Twistars received a complaint of Nassar's conduct.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

402.   Between the time of the 1997 complaint and 2015, Twistars continued to hold Nassar out as a competent and safe physician to the public.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

403.   Plaintiff relied on the assertions of Twistars and continued to seek treatment of Nassar while Twistars knew of the concerns and dangers.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

404.   Plaintiff was subjected to sexual assault, abuse, and molestation as a result of Twistars' fraudulent misrepresentations regarding Nassar.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

405.   As a direct and/or proximate result of Twistars' fraudulent misrepresentations, Plaintiff suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

## VIII.   CLAIMS AGAINST LAWRENCE NASSAR

### A.      COUNT THIRTY-TWO-ALLEGED ASSAULT AND BATTERY AS TO NASSAR

406.   Plaintiff incorporates the preceding paragraphs by reference as though fully stated herein.

**ANSWER:   USAG incorporates by reference its responses to the allegations in the previous paragraphs.**

407.   The acts committed by Nassar against Plaintiff described herein constitute assault and battery, actionable under the laws of Michigan.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

408.   Nassar committed nonconsensual sexual acts which resulted in harmful or offensive contact with the body of Plaintiff.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

409.   Specifically, Nassar committed acts which caused injury to Plaintiff by subjecting her to an imminent battery and/or intentional invasions of her rights to be free from offensive and harmful contact, and said conduct demonstrated that Nassar had a present ability to subject Plaintiff to an immediate, intentional, offensive and harmful touching.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

410.   Nassar assaulted and battered Plaintiff by nonconsensual and unwanted digital vaginal penetration of her pubic area, without notice or explanation of the "treatment."

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

411.   Plaintiff did not consent to the contact, which caused injury, damage, loss, and/or harm.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

412.   As a direct and proximate result of Nassar's assault and battery, Plaintiff suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

**B.   COUNT THIRTY-THREE- ALLEGED INTENTIONAL INFLECTION [*SIC*] OF EMOTIONAL DISTRESS AS TO NASSAR**

413.   Plaintiff incorporates the preceding paragraphs by reference as though fully stated herein.

**ANSWER:   USAG incorporates by reference its responses to the allegations in the previous paragraphs.**

414.   Nassar used his authority and position with MSU, USAG, and Twistars, to sexually assault, abuse, and molest Plaintiff, and an unknown number of other minors and young adults.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

415.   Nassar, in committing acts of sexual assault, abuse, and molestation, as described in this Complaint, under the guise of medical "treatment," exhibited conduct that is extreme, outrageous and/or reckless in nature.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

416.   A reasonable person would not expect their physician to sexually assault, abuse, or molest them, and to do so under the guise of medical "treatment" without proper notice or explanation and without giving the patient the opportunity to refuse "treatment" of that nature.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

417.   Nassar's conduct was intentional or reckless as he sexually assaulted, abused, and molested Plaintiff on multiple different occasions from 2009 to 2011.

**ANSWER:   The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

418.    Nassar's conduct has caused and continues to cause Plaintiff to suffer emotional and psychological distress.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

419.    As a direct and proximate result of Nassar's outrageous conduct, Plaintiff suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

## C.    COUNT THIRTY-FOUR-ALLEGED INVASION OF PRIVACY AS TO NASSAR

420.    Plaintiff incorporates the preceding paragraphs by reference as though fully stated herein.

**ANSWER:    USAG incorporates by reference its responses to the allegations in the previous paragraphs.**

421.    Nassar intruded upon Plaintiff's seclusion or solitude by sexually assaulting, abusing, and molesting Plaintiff without the consent of Plaintiff or Plaintiff's parents.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

422.    Plaintiff's genital area and virginity are secret and private subject matters.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

423.    Plaintiff possessed a right to keep these subject matters private.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

424.     Plaintiff lost her virginity when Nassar sexually assaulted, abused, and molested her.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

425.     Nassar's method of taking Plaintiff's virginity and sexually assaulting, abusing, and molesting Plaintiff is objectionable to a reasonable person.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

426.     As a direct and proximate result of Nassar's outrageous conduct, Plaintiff suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

**ANSWER:    The allegations in this paragraph do not pertain to USAG; as such, no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

## IX.    ALLEGED DAMAGES-FOR ALL AFOREMENTIONED CAUSES OF ACTION

427.     Plaintiff incorporates the preceding paragraphs by reference as though fully stated herein.

**ANSWER:    USAG incorporates by reference its responses to the allegations in the previous paragraphs.**

428.     As a direct and proximate result of Defendants' actions and/or inactions stated above, Plaintiff suffered discomfort and continues to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self- esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

**ANSWER:    The allegations in this paragraph state conclusions of law, to which no answer is required.  To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

429. The conduct, actions and/or inactions of Defendants as alleged in the above stated counts and causes of action constitute violations of Plaintiff's Constitutional and Federal rights, as well as the common and/or statutory laws of the State of Michigan, and the United States District Court has jurisdiction to hear and adjudicate said claims.

**ANSWER: The allegations in this paragraph state conclusions of law, to which no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

430. In whole or in part, as a result of some or all of the above actions and/or inactions of Defendants, Plaintiff has and continues to suffer irreparable harm as a result of the violations.

**ANSWER: The allegations in this paragraph state conclusions of law, to which no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

431. The amount in controversy exceeds the jurisdictional minimum of $75,000.00.

**ANSWER: Admit to the amount in controversy. Otherwise, the allegations in this paragraph state conclusions of law, to which no answer is required. To the extent that an answer is required, the allegations are denied insofar as they relate to USAG.**

WHEREFORE, Defendant requests that Plaintiff's complaint be dismissed, that judgment be entered in favor of Defendant, and Defendant be awarded its costs and interest, as well as its attorneys' fees.

## Affirmative and Other Defenses

1. Plaintiff's Complaint fails to state a claim on which relief can be granted.

2. Some or all of plaintiff's claims are barred by the statute of limitations.

3. Nassar was not an employee or agent of USAG, and USAG is not liable for Nassar's acts. Alternatively, to the extent that Nassar was USAG's agent, Nassar's acts were outside the scope of any agency.

4. USAG is not liable for abuse that is alleged to have occurred at MSU, at Twistars, at Holt High School, or at Nassar's home.

76

5.      USAG lacks a "special relationship" with either Nassar or plaintiff and, as such, owes no legal duty to protect the plaintiff from Nassar's criminal acts.  Alternatively, to the extent that a "special relationship" exists, plaintiff was not injured within the context of that relationship.

6.      Nassar's acts were criminal and thus, as a matter of law, not foreseeable by USAG.

7.      USAG neither knew nor had reason to know of Nassar's criminal propensities or actions.

8.      USAG did not have notice of an "unmistakable, particularized" threat that Nassar would engage in criminal sexual conduct.  As such, USAG is not liable for Nassar's actions.

9.      USAG is not a fiduciary of plaintiff and owes no fiduciary duty to her.

10.      USAG had no legal duty to report allegations about Nassar to plaintiff, to MSU, to Twistars, or others.

11.      Michigan does not recognize a cause of action for "gross negligence."

12.      Plaintiff's claims of fraud and misrepresentation are not pleaded in accordance with Fed. R. Civ. P. 9(b).

13.      Plaintiff's intentional infliction of emotional distress claim fails as a matter of law because Plaintiff does not allege any intentional conduct by USAG.

14.      Nassar's alleged misrepresentations and fraudulent inducement cannot be imputed to USAG.

15.      John Geddert was not USAG's agent, and any knowledge he may have cannot be imputed to USAG.

16.     One or more co-defendants or non-parties are liable for plaintiff's damages.

17.     Under Michigan's comparative negligence law, USAG is not jointly liable for the negligence of other parties or non-parties.

18.     Any allegations in this complaint that are not specifically admitted are denied.

19.     Defendant reserves the right to assert further and additional affirmative defenses to Plaintiff's Complaint.

WHEREFORE, Defendant requests that Plaintiff's complaint be dismissed, that judgment be entered in favor of Defendant and Defendant be awarded its costs and interest, as well as its attorney's fees.

MILLER JOHNSON
Attorneys for Defendant USA Gymnastics


Dated:  October 2, 2018          By ____/s/ D. Andrew Portinga_____
                                          David J. Gass (P34582)
                                          D. Andrew Portinga (P55804)
                                          Rebecca L. Strauss (P64796)
                                 Business Address:
                                          45 Ottawa Avenue SW, Suite 1100
                                          P.O. Box 306
                                          Grand Rapids, Michigan  49501-0306
                                 Telephone:  (616) 831-1700

78