# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| RACHEL DENHOLLANDER, et al., | ) | Lead Case No. 1:17-cv-00029-GJQ-ESC |
| | ) | Member Case Nos. |
| Plaintiffs, | ) | 1:18-cv-00842-GJQ-ESC |
| | ) | 1:18-cv-00851-GJQ-ESC |
| v. | ) | 1:18-cv-01008-GJQ-ESC |
| | ) | 1:18-cv-01019-GJQ-ESC |
| MICHIGAN STATE UNIVERSITY, et al., | ) | |
| | ) | |
| Defendants. | ) | Hon. Gordon J. Quist |
| | ) | |

## MSU DEFENDANTS' MOTION TO DISQUALIFY PLAINTIFFS' COUNSEL

Defendants, Michigan State University ("MSU"), and the Board of Trustees of Michigan State University (collectively referred to herein as the "MSU Defendants"), by their attorneys MILLER CANFIELD PADDOCK and STONE, P.L.C., respectfully submit this Motion to Disqualify any attorney affiliated with the Nichols Law Firm ("NLF" or the "Firm") from serving as counsel for Plaintiffs Jane NLF-1 Doe, Jane NLF-2 Doe, Jane NLF-3 Doe, and Jane NLF-4 Doe (collectively referred to herein as "Plaintiffs" or "Jane NLF-1-4 Doe") in the above-referenced member cases for the following reasons:

1. MRPC 1.7(a) mandates disqualification of NLF because the Firm has or currently represents Lisa DeStefano, D.O., who is a faculty member within MSU's College of Osteopathic Medicine, is a material witness in these actions, and whose interests are directly adverse to the interests of the Plaintiffs.

2. MRPC 1.7(b) mandates disqualification of NLF because its representation of the Plaintiffs would be materially limited by the Firm's responsibilities to Dr. DeStefano, including

the Firm's duty of confidentiality to Dr. DeStefano under MRPC 1.6.

3. In the event that Dr. DeStefano is no longer a current client of NLF, MRPC 1.9 mandates disqualification of the Firm because Dr. DeStefano is a former client of NLF and the instant actions are substantially related to the matter in which NLF represented Dr. DeStefano.

4. Pursuant to MRPC 1.10, all attorneys affiliated with NLF must be disqualified from representing Plaintiffs.

5. Pursuant to Local Civil Rule 7.1(d), prior to filing this motion the MSU Defendants' counsel sought concurrence from NLF. Concurrence was not obtained, thereby making this motion necessary.

6. The bases for this motion are stated in more detail in the accompanying Brief in Support, which is incorporated herein by reference.

WHEREFORE, the MSU Defendants respectfully request that this Court enter an order disqualifying Nichols Law Firm and its attorneys from serving as counsel for any of the Plaintiffs in the above-identified member cases.

Respectfully submitted,

Dated: October 16, 2018

/s/ *Scott R. Eldridge*
Scott R. Eldridge (P66452)
Megan P. Norris (P39318)
Brian M. Schwartz (P69018)
Miller, Canfield, Paddock and Stone P.L.C.
**Attorneys for MSU, Board of Trustees of MSU**
One Michigan Avenue, Suite 900
Lansing, MI  48933
(517) 483-4918
eldridge@millercanfield.com

32103635.2\060505-00040