# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| DENHOLLANDER, et al. | ) |
| | ) Lead Case No. 1:17-cv-00029-GJQ-ESC |
| Plaintiffs, | ) and the following consolidated member |
| | ) cases: |
| v. | ) |
| | ) 1:17-cv-00222-GJQ-ESC |
| MICHIGAN STATE UNIVERSITY, | ) 1:17-cv-00244-GJQ-ESC |
| et al., | ) 1:17-cv-00254-GJQ-ESC |
| | ) 1:17-cv-00257-GJQ-ESC |
| Defendants. | ) 1:17-cv-00288-GJQ-ESC |
| | ) 1:17-cv-00349-GJQ-ESC |
| | ) 1:17-cv-00676-GJQ-ESC |
| | ) 1:17-cv-00684-GJQ-ESC |
| | ) 1:18-cv-00172-GJQ-ESC |
| | ) 1:18-cv-00173-GJQ-ESC |
| | ) 1:18-cv-00174-GJQ-ESC |
| | ) 1:18-cv-00188-GJQ-ESC |
| | ) 1:18-cv-00256-GJQ-ESC |
| | ) 1:18-cv-00377-GJQ-ESC |
| | ) 1:18-cv-00385-GJQ-ESC |
| | ) 1:18-cv-00397-GJQ-ESC |
| | ) 1:18-cv-00433-GJQ-ESC |
| | ) 1:18-cv-00452-GJQ-ESC |
| | ) 1:18-cv-00491-GJQ-ESC |
| | ) 1:18-cv-00494-GJQ-ESC |
| | ) 1:18-cv-00965-GJQ-ESC |
| | ) 1:18-cv-01029-GJQ-ESC |
| | ) 1:18-cv-01037-GJQ-ESC |
| | ) 1:18-cv-01041-GJQ-ESC |
| | ) 1:18-cv-01044-GJQ-ESC |
| | ) 1:18-cv-01049-GJQ-ESC |
| | ) 1:18-cv-01051-GJQ-ESC |
| | ) 1:18-cv-01052-GJQ-ESC |
| | ) 1:18-cv-01059-GJQ-ESC |
| | ) |
| | ) Hon. Gordon J. Quist |
| | ) |

## ORDER

This matter having come before the Court by the Unopposed Motion of Defendants Michigan State University, the Board of Trustees of Michigan State University, Michigan State University Sports Medicine Clinic, Douglas Dietzel, Kathie Klages, Jeffrey Kovan, Brooke Lemmen, Kristine Moore, Lou Anna K. Simon, Gary Stollak, William Strampel, and Destiny Teachnor-Hauk (collectively, the "MSU Defendants"), together with the plaintiffs to the resolved actions against the MSU Defendants (collectively, the "Settling Plaintiffs") for Entry of an Order Finding a Good Faith Settlement and Barring Contribution Claims, and the Court being otherwise fully advised and having considered the terms of the Settlement Agreement and Mutual Release dated August 28, 2018 ("Settlement Agreement"), the Court finds and orders as follows:

1. The Motion of the MSU Defendants and Settling Plaintiffs is **GRANTED**.

2. The negotiations of the Settlement Agreement were fair and conducted in good faith and at arm's length. There is no evidence of bad faith, fraud, collusion, or an intent to unfairly impact the rights of anyone including the non-settling defendants.

3. The Settlement Agreement, having been entered into in good faith, bars claims for contribution or indemnity against the MSU Defendants for any damages or liability to any Settling Plaintiff to the fullest extent of applicable federal common law and state law.

4. Accordingly, the non-settling defendants and all other persons or entities are barred and enjoined from initiating, asserting, or prosecuting any claims or actions arising under state, federal, or common law, however styled (whether for indemnification or contribution or otherwise denominated), against the MSU Defendants for recovery of payments made to or on behalf of one or more of the Settling Plaintiffs, that is directly or indirectly based upon, arising

3

from, or relating to the allegations underlying the Settled Claims (as defined in the Settlement Agreement).

5. If any non-settling defendant, or any party other than the MSU Defendants, is found jointly and severally liable to any Settling Plaintiff in an action that is based upon, arising from, or relating to the allegations underlying the Settled Claims, any verdict or judgment in such action in favor of said Settling Plaintiff shall be reduced in the amount of the MSU Defendants' percentage share of responsibility for the damages.

6. Nothing in this order shall be construed to limit or alter the applicability of Mich. Comp. Laws §§ 600.2925a, 600.2957, and 600.6304.

**IT IS SO ORDERED.**

Dated:  October 19, 2018                                     /s/ Gordon J. Quist
                                                            GORDON J. QUIST
                                                            United States District Judge